**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------X  Docket Number:

JOHNNA L. AYRES,

                Plaintiff,

    -   Against –

ROBERT J. SHIVER, ROBERT J. SHIVER LLC,
And PRUDENT REVERE CAPITAL GROUP, INC.,

                Defendants.

-------------------------------------------------------------------X

## COMPLAINT AND JURY TRIAL DEMAND

Plaintiff, by her attorneys, The Wagner Law Group, P.C., as and for her Complaint and Jury Demand, respectfully alleges as follows:

## NATURE OF THE ACTION

1.    This is an action arising out of the Defendants' willful violations of Plaintiff's rights under the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201 *et seq.*, and The New York Labor Law ("NYLL") N.Y. Lab. Law, Article 6 *et seq.*  Defendants' failure to pay minimum wage, failure to pay wages, and breach of contract have caused the Plaintiff to suffer significant financial harm.

## THE PARTIES AND JURISDICTION

2.    Plaintiff, Johnna Ayres (hereinafter "Ayres"), is an individual domiciled in the State of New York and in Kings County.

3.    At all relevant times, Defendant, Robert J. Shiver (hereinafter "Shiver"), is an individual domiciled in the State of New Jersey; he has recently relocated to Southern Florida. Shiver is the Chairman and Chief Executive Officer ("CEO") of Defendant corporation Robert J.

Shiver, LLC, and is the Chairman and CEO of Defendant corporation Prudent Revere Capital Group, Inc.

4.      Defendant, Robert J. Shiver, LLC (hereinafter "Shiver LLC") is a corporation that was incorporated in the state of Delaware in 2013 and was registered as a Foreign LLC in Ohio in 2015.  Upon information and belief, Shiver LLC is the parent holding company for Prudent Revere Capital Group, Inc.

5.      Defendant, Prudent Revere Capital Group, Inc. (hereinafter "Prudent") is a corporation incorporated in the State of Delaware and has its principal place of business in the state of New Jersey.  Upon information and belief, Prudent is a wholly owned subsidiary of Shiver LLC.

6.      The vast majority of the work performed by Ayres for Defendants was performed in New York.

7.      The Eastern District of New York has proper subject matter jurisdiction pursuant to the provisions of the Fair Labor Standards Act of 1938 ("FLSA").  This court also has proper diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332.  The amount in controversy has been met as has the diversity of citizenship requirement.

## BACKGROUND

8.      Ayres began to work for Shiver LLC as its Chief Operating Officer ("COO") on February 1, 2019.

9.      By letter dated June 5, 2019, Defendant, Shiver confirmed that Ayres was the COO of Shiver LLC.

10.      Shiver agreed both verbally and in his letter dated June 5, 2019 that he would pay Ayres $350,000.00 per year to work as the COO.

11.     The offer letter indicated the annual salary of $350,000.00 was to be paid bi-weekly and was retroactive to February 1, 2019.

12.     In addition, the agreement guaranteed a bonus of no less than 80% of the annual salary and as much as 125% of the annual salary.

13.     The bonus was to have been paid in July 2020.

14.     The offer letter also described Ayres' entitlement to equity interest, benefits, and participation in a 401(k) plan.

15.     In reliance upon the verbal and written offer, Ayres worked for the Defendants from February 1, 2019 through the fall of 2020.

16.     Ayres has made repeated requests to be paid the salary that she is owed and attempts to reach out to Shiver to be paid her wages, bonus, and benefits.

17.     Shiver has failed to pay Ayres her wages and refused to cure the defect.  The only salary that Ayres has received to date was roughly $14,000.00 in 2020.

18.     Shiver has also failed to pay Ayres' guaranteed bonus.

19.     In addition to failing to pay Ayres her wages and bonus, Shiver has failed to repay Ayres the $400,000.00 she leant to Shiver, Shiver LLC, and Prudent.

20.     Ayres has made multiple written and verbal requests to be paid the salary and benefits that she is owed.

21.     Shiver has never disputed that Ayres is owed that money.

22.     Shiver never terminated Ayres.  The last date that she performed services was in the fall of 2020.

23.     Ayres has made multiple verbal and written requests to be repaid the money that she lent to the Defendants for business expenses.

24.     Shiver has never disputed that Ayres is owed this money.

## FIRST CAUSE OF ACTION: NON-PAYMENT OF WAGES UNDER THE FLSA

25.     Ayres realleges and incorporates by reference each and every one of the allegations contained in paragraphs "1" through "24" as if set forth again herein.

26.     At all relevant times, Defendants were employers of Ayres.

27.     Shiver controlled when and how employees were paid.

28.     Shiver controlled the books and banking accounts of Shiver LLC and Prudent.

29.     At all relevant times, Ayres performed her work fully and faithfully.

30.     The Defendants have failed to pay Ayres the wages Defendants agreed to pay from the effective date of Ayres' employment agreement, February 1, 2019 to present.

31.     As a result of the willful violation of the FLSA by Defendants, Ayres has been financially harmed.

32.     Ayres is entitled to recover from Defendants, jointly and severally, unpaid compensation and an equal amount in the form of liquidated damages, reasonable attorneys' fees and costs of the action, including prejudgment interest, pursuant to the FLSA, all in an amount to be determined at trial, pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION: NON-PAYMENT OF WAGES UNDER THE NEW YORK LABOR LAW (N.Y. Lab. Law Article 6 §§ 190 to 199A)

33.     Ayres realleges and incorporates by reference each and every one of the allegations contained in paragraphs "1" through "32" as if set forth again herein.

34.     At all relevant times, Defendants were employers of Ayres.

35.     At all relevant times, Ayres performed her work fully and faithfully.

36.     The Defendants have failed to pay Ayres her wages from the effective date of her employment agreement, February 1, 2019 to present.

37.     The Defendants have willfully failed to pay the agreed upon wages due as set forth in the preceding paragraphs of this Complaint to Ayres in violation of the NYLL §§ 190 *et seq*.

38.     As a result of the willful violation of the NYLL by Defendants, Ayres has been financially harmed.

39.     Ayres is entitled to recover from Defendants, jointly and severally, unpaid compensation and an equal amount in the form of liquidated damages, reasonable attorneys' fees and costs of the action, including prejudgment interest, pursuant to the NYLL, all in an amount to be determined at trial.

## THIRD CAUSE OF ACTION: FAILURE TO PAY MINIMUM WAGE UNDER THE FLSA

40.     Ayres realleges and incorporates by reference each and every one of the allegations contained in paragraphs "1" through "39" as if set forth again herein.

41.     For certain weeks during Ayres' employment, Defendants did not pay her the minimum wage required by law.

42.     The FLSA further requires that wages be paid promptly on regular payment dates.

43.     Defendants violated the FLSA by failing to pay minimum wages to Ayres.

44.     Defendants further violated the FLSA by failing to pay wages promptly on regular payment dates.

45.     On information and belief, Defendants' failure to pay minimum wages and failure to pay wages promptly was done knowingly.

46.     Defendants are liable to Ayres under the FLSA for her unpaid wages, plus an additional amount as liquidated damages, interest, reasonable attorneys' fees and costs, and any such other and further relief as is deemed appropriate by this Honorable Court.

## FOURTH CAUSE OF ACTION: FAILURE TO PAY MINIMUM WAGE UNDER NYLL §§ 650 TO 665

47.     Ayres realleges and incorporates by reference each and every one of the allegations contained in paragraphs "1" through "46" as if set forth again herein.

48.     For certain weeks during Ayres' employment, Defendants did not pay her the minimum wage as required by New York law

49.     Defendants violated the Minimum Wage Act of the NYLL by failing to pay minimum wages to Ayres.

50.     Defendants are liable to Ayres, under the NYLL for her unpaid wages, plus an additional amount as liquidated damages, interest, reasonable attorneys' fees and costs, and any such other and further relief as is deemed appropriate by this Honorable Court.

## FIFTH CAUSE OF ACTION: BREACH OF CONTRACT

51.     Ayres realleges and incorporates by reference each and every one of the allegations contained in paragraphs "1" through "50" as if set forth again herein.

52.     Ayres entered into an employment agreement with Robert J. Shiver, LLC and Shiver.

53.     In accordance with the terms of the offer letter, Ayres is entitled to her salary, bonus, and benefits.

54.     Ayres has not been paid her salary, bonus, or benefits.

55.     Ayres fully performed in accordance with her obligations as set forth in the contract.

56.     Shiver has failed to honor his obligations as set forth in the contract.

57.     As a result thereof, Ayres has been caused to suffer severe economic injury.

58.     The amount of damages are an amount no less than $890,000.00 for her unpaid salary, bonus, and benefits, exclusive of liquidated damages, and counsel fees.

## SIXTH CAUSE OF ACTION: BREACH OF AN IMPLIED CONTRACT

59.     Ayres realleges and incorporates by reference each and every one of the allegations contained in paragraphs "1" through "58" as if set forth again herein.

60.     Ayres relied upon the express representations made by Shiver on behalf of all of the Defendants with respect to the repayment of any money she advanced to the business.

61.     Ayres was distinctly under the impression that the Defendants would reimburse her for all of the payments that she made on behalf of the Defendants.

62.     Upon information and belief, Shiver was aware when the payments were made and at no time did he object to Ayres advancing payments on his behalf.

63.     Ayres has made repeated attempts for Shiver to repay the money.

64.     Shiver has failed and refused to repay Ayres.

65.     Ayres has suffered significant economic harm.

66.     The economic harm has been caused directly and proximately by the Defendants.

67.     The amount of said damages are at least $400,000.00 exclusive of interest.

## DEMAND FOR TRIAL BY JURY

68.     Ayres demands trial by jury.

**WHEREFORE**, Ayres demands judgment as follows:

a. Awarding economic damages of no less than $2,344,000.00;

b. Awarding liquidated damages of an equal amount as the unpaid wages, $972,000.00;

c. Awarding double damages under the NYLL;

d. Awarding damages arising out of Defendants' failure to provide benefits as agreed and as mandated under state and federal law;

e. Awarding costs and reasonable attorneys' fees;

f. Awarding pre-judgment and post-judgment interest;

g. Statutory penalty for failure to pay wages; and

h. Awarding all other damages are remedies as this Court deems just and proper.

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**Dated**:   January 28, 2021

Very Truly Yours,

THE WAGNER LAW GROUP, P.C.
*Attorney for Plaintiff*
David G. Gabor, Esq.
99 Summer Street, 13th Floor
Boston, MA 02110
Telephone: (617) 532-8035
Facsimile: (617) 357-5250