UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
JOHNNA L. AYRES,

                                 Plaintiff,

     -against-

ROBERT J. SHIVER, ROBERT J. SHIVER, LLC,
and PRUDENT REVERE CAPITAL GROUP, INC.,

                                 Defendants.
------------------------------------------------------X

CIVIL ACTION NO. 21 CV 0473
(ERK)(PK)

**DEFENDANTS' NOTICE
OF MOTION**

**PLEASE TAKE NOTICE** that upon all prior pleadings and proceedings heretofore filed herein, the undersigned, on behalf of the Defendants, shall move this Court pursuant to Fed.R.Civ.P. 12(b)(6), for an Order dismissing Plaintiff's Complaint in its entirety, for failure to state a claim, and for such other and further relief as the Court deems appropriate.

**PLEASE TAKE FURTHER NOTICE** that pursuant to F.R.C.P. 6 and Local Rule 6.4, Plaintiff's opposition papers, if any, must be served upon the undersigned by the time required by the Rules.

Dated:  New York, New York

May 14, 2021

                                            Respectfully submitted,

                                            _____
                                            Isaac Myers III - 5055819
                                            Curlew New York, LLC
                                            188 Grand Street, Suite 337
                                            New York, NY 10013
                                            Ph: 212-804-8655
                                            Isaac@CurlewLaw.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
JOHNNA L. AYRES,

                              Plaintiff,

           -against-

ROBERT J. SHIVER, ROBERT J. SHIVER, LLC,
and PRUDENT REVERE CAPITAL GROUP, INC.,

                             Defendants.
-------------------------------------------------------X

CIVIL ACTION NO. 21 CV 0473
(ERK)(PK)

**DEFENDANTS'**
**MEMORANDUM**
**OF LAW IN SUPPORT**

Isaac Myers III - 5055819
Curlew New York, LLC
188 Grand Street, Suite 337
New York, NY 10013
Ph: 212-804-8655
Isaac@CurlewLaw.com

1

**PRELIMINARY STATEMENT**

The instant action is before this Court on Defendants' motion to dismiss Plaintiff's Complaint in its entirety pursuant to Fed. R. Civ. P. Rule 12(b)(6) for failure to state a claim. Defendants submit a Notice of Motion and this Memorandum of Law in support of their motion. Defendants allege that Plaintiff's claims fail to entitle it to any relief at law. For the following reasons, Defendants' motion to dismiss should be granted in its entirety.

Plaintiff alleges two insufficiently pleaded violations under the FLSA, one for minimum wage and the other for essentially breach of contract. Both fail because clear Circuit precedent establishes that Plaintiff must specifically plead some amount of uncompensated or undercompensated work in the Complaint. In the absence of federal question jurisdiction, the Court should abstain from exercising pendent jurisdiction over Plaintiff's New York Labor Law claims, and dismiss this action.

**FACTS**

With express reservation of all rights, and solely for the purpose of the instant motion, Defendants respectfully refer the Court to the Complaint in this matter for a recitation of the alleged, relevant facts.

**PROCEDURAL POSTURE**

On January 28, 2021, this action was filed by Plaintiff seeking damages for alleged underpayment of minimum wage and contractually agreed wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq* and the New York Labor Law ("NYLL") §§ 650 *et seq*. See Complaint ¶1.

In the order in which they are presented in Plaintiff's First Amended Complaint ("Complaint"), Plaintiff's causes of action are: 1) alleged unpaid contractual wages under the

FLSA, though no substantive section of the FLSA is cited therein; 2) alleged unpaid contractual wages under the NYLL, Article 6, though no substantive section of the NYLL is cited therein;; 3) alleged unpaid minimum wages under the FLSA, though no substantive section of the FLSA is cited therein; 4) alleged unpaid minimum wages under the NYLL, though no substantive section of the NYLL is cited therein. See Complaint ¶¶23-50.

## LEGAL STANDARDS

*A. Procedural*

Under Rule 8, a pleading "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). For nearly fifty years, a complaint failed to state a claim only where "'it appear[ed] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *In re Air Cargo Shipping Svcs. Antitrust Litig.*, 2010 WL 10947344, at *5 (E.D.N.Y. Sept. 22, 2010) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)) (alterations in original). Then, in *Bell Atlantic Corp v. Twombly*, the Supreme Court abrogated the "no set of facts" pleading standard in favor of the facial "plausibility standard." 550 U.S. 544, 570 (2007). Under *Twombly*, to satisfy Rule 8's plausibility standard, a pleading's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 555.

The Supreme Court elaborated on "facial plausibility" in *Aschroft v. Iqbal*, explaining that a pleading must provide factual allegations that allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." 556 U.S. 662, 678 (2009). Fleshing out this standard further, the *Iqbal* Court explained that Rule 8 requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 678. "Although 'detailed factual allegations' are not required, '[a] pleading that offers 'labels and conclusions,' or 'a

3

formulaic recitation of the elements of a cause of action will not do.'" *Cain v. Rambert*, 2013 WL 6194294, at *1 (E.D.N.Y. Nov. 26, 2013) (Brodie, J.) (quoting *Twombly*, 550 U.S. at 555). "Legal conclusions or threadbare recitals of the elements of a cause of action, supported by conclusory statements, should not be credited." *Duffy v. Int'l Union of Operating Eng'rs Local 14-14B*, 795 F. Supp. 2d 246, 253 (E.D.N.Y. 2011) (citing *Iqbal*, 556 U.S. at 678). As a result, where the pleadings only permit a court to infer the "mere possibility of misconduct, the complaint has alleged - - but it has not 'show[n]' - - 'that the pleader is entitled to relief.'" Id. (quoting Fed. R. Civ. P. 8(a)(2)) (alterations in original).

Indeed, in analyzing whether a pleading satisfies Rule 8, "at the outset of a case, Rule 12(b)(6) serves as a type of gatekeeper, preventing claims that fail to satisfy Rule 8's requisites from proceeding onward through the labyrinthine terrain of a case's progression to resolution." *Hughes v. Ester C Co.*, 930 F. Supp. 2d 439, 455 (E.D.N.Y. 2013). Again, to survive a motion to dismiss under Rule 12(b)(6), the pleading "must include 'enough facts to state a claim that is plausible on its face.'" *In re Frito-Lay N. Am., Inc. All Nat. Litig.*, 2013 WL 4647512, at *3 (E.D.N.Y. Aug. 29, 2013) (quoting *Twombly*, 550 U.S. at 570). And when deciding a motion to dismiss, while well-pled claims are ordinarily taken as true, allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679.

### B. Substantive

The principle purpose of the FLSA is "to protect all covered workers from substandard wages and oppressive working hours." *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 739, 101 S. Ct. 1437, 67 L. Ed. 2d 641 (1981). The regular, minimum rates at which employees must be paid are established by section 206 of the FLSA. Id. § 206(a). The FLSA sets forth a broad civil enforcement scheme, pursuant to which "[a]ny employer who violates the

4

provisions of section 206 or section 207 ... shall be liable to the employee **[*16]** or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." *Id*. § 216(b).

"[T]he text of FLSA requires only payment of minimum wages and overtime wages." *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 116 (2d Cir. 2013) (citing 29 U.S.C. §§ 201-19)). Accordingly, this Circuit has held that, "[s]o long as an employee is being paid the minimum wage or more, FLSA does not provide recourse for unpaid hours below the 40-hour threshold, even if the employee also works overtime hours the same week." Id.

## ARGUMENT

### A. PLAINTIFF'S COMPLAINT IS GENERALLY DEFICIENT

#### *i.  Lack of pleaded hours and pay*

Plaintiff's Complaint does not contain a single statement about or of the number of hours Plaintiff allegedly worked in any workweek. Similarly, the Complaint does not indicate the amount of wages Plaintiff received in any workweek, or ever. In other words, Plaintiff fails to set forth basic facts upon which one could conclude that minimum wage or other wage obligations were satisfied. There is no way for the Court to determine whether federal minimum wage obligations have been satisfied from the pleading. This renders Plaintiff's pleading speculative and insufficient under the controlling FLSA case law, as indicated above. Additinoally, Plaintiff has essentially pleaded an alleged breach of contract and attempts to cloak the same in the form of a federal statutory wage claim. This Court should not countenance such a thing.

5

### ii. *No FLSA coverage*

An employer is subject to the FLSA if their employee individually was "engaged in commerce" or if the employer was an "entity engaged in commerce." 29 U.S.C. § 206. "Individual employees are engaged in commerce 'when they are performing work involving or related to the movement of persons or things (whether tangibles or intangibles, and including information and intelligence)' between states." *Jacobs v. N.Y. Foundling Hosp.*, 483 F. Supp. 2d 251, 257 (E.D.N.Y. 2007) (citing 29 C.F.R. § 779.103). To be engaged in commerce, "a substantial part of the employee's work must be related to interstate commerce;" where an employee's interstate activities are not regular or recurring, courts do not consider the employee covered under the FLSA. *Bowrin v. Catholic Guardian Soc'y*, 417 F. Supp. 2d 449, 466 (S.D.N.Y. 2006) (citing *Divins v. Hazeltine Elec. Corp.*, 163 F.2d 100, 103 (2d Cir. 1947); *Walling v. Jacksonville Paper Co.*, 317 U.S. 564, 63 S. Ct. 332, 87 L. Ed. 460 (1943)). "As a basic rule, 'if [the plaintiff] did not have any contact with out-of-state customers or businesses, [*7] he cannot be individually covered under the FLSA.'" *Payamps v. M & M Convenience Deli & Grocery Corp.*, No. 16-CV-4895 (LDH)(SJB), 2018 U.S. Dist. LEXIS 85043, at *15 (E.D.N.Y. May 18, 2018) (citing *Li v. Cheng*, No. 10-CV-4664, 2012 U.S. Dist. LEXIS 40151, 2012 WL 1004852, at *4 (E.D.N.Y. Mar. 23, 2012)).

Here, the Complaint contains no allegations that Plaintiff's alleged work involved or related to the movement of persons or things between states. Nor does it state, for instance, whether Plaintiff's duties regularly required her to interact with suppliers from other states, or if she had other duties beyond these primary roles that involved interstate commerce. For example, Plaintiff asserts that "The work performed by the companies had an impact on interstate

6

commerce". Complaint ¶29. This threadbare assertion is not supported by any factual allegations. Plaintiff has therefore failed to allege individual coverage under the FLSA.

In terms of enterprise coverage, an "enterprise" is defined under the FLSA as "the related activities performed . . . by any person or persons for a common business purpose." 29 U.S.C. § 203(r)(1). An enterprise is "engaged in commerce" where it "(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on [*8] goods or materials that have been moved in or produced for commerce by any person" and "(ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000." 29 U.S.C. § 203(s)(1)(A).

Where a complaint contains sufficient facts to support an inference of enterprise coverage under the statute, even if those facts are not conclusive evidence of that coverage, some district courts in this circuit have found the pleadings sufficient to support a finding of liability under the statute. See, e.g., *Shim v. Millennium Grp.*, No. 08-CV-4022(FB)(VVP), 2009 U.S. Dist. LEXIS 6014, 2009 WL 211367, at *3 (E.D.N.Y. Jan. 28, 2009) (finding identification of defendant as medical facility is sufficient to infer enterprise coverage as "it is simply inconceivable that none of the medical, custodial or office supplies used at the Center originated outside of New York"); *Gomez v. El Rancho de Andres Carne de Tres Inc.*, No. 12-CV-1264, 2014 U.S. Dist. LEXIS 45580, 2014 WL 1310296, at *3 (E.D.N.Y. Mar. 11, 2014) (inferring that defendants engaged in interstate commerce where the plaintiff alleged "that the defendants operated a restaurant, Andres Carne, which served Columbian [sic] cuisine"), report and recommendation adopted, 2014 U.S. Dist. LEXIS 43988, 2014 WL 1310299 (Mar. 31, 2014); *Cardoza v. Mango King Farmers Mkt. Corp.*, No. 14-CV-3314, 2015 U.S. Dist. LEXIS 126019, 2015 WL 5561033, at *3 (E.D.N.Y. Sept. 1, 2015), (finding that "[i]t is logical to infer that a supermarket's products

7

and produce would have originated outside **[*9]** of New York[,]" coupled with general allegations that defendant was "engage[d] in interstate commerce, produce[d] goods for interstate commerce, and/or handle[d], [sold], or otherwise work[ed] on goods or materials that have been moved in or produced for such commerce by any person"), report and recommendation adopted, 2015 U.S. Dist. LEXIS 125776, 2015 WL 5561180 (Sept. 21, 2015).

Plaintiff fails to meet even this permissive standard. The Complaint's statements of "Work was performed in New York, New Jersey, Florida, and several other states" and "The work performed by the companies had an impact on interstate commerce" are precisely the kind of formulaic and conclusory statements that the Supreme Court has said does not suffice to state a claim for relief. Complaint ¶¶28-29.

The Complaint contains no factual allegations from which this Court could infer that any Defendant is an enterprise within the meaning of the statute. Plaintiff refers to the two corporate Defendants only in the vaguest terms as "corporations" The Complaint also does not allege, even in a conclusory manner, whether any Defendants' annual gross volume of business is at least $500,000. Nor the extent to which any Defendant conducts interstate business. Plaintiff has thus failed to allege enterprise coverage under the FLSA. Accordingly, because Plaintiff has not pled facts to show either individual or enterprise coverage under the FLSA, Plaintiff's FLSA claims must be dismissed.

### C. THE COMPLAINT FAILS TO STATE A CLAIM FOR MINIMUM WAGE UNDER THE FLSA AND NYLL

As an initial matter, the FLSA is concerned with low wage workers. After all, the Supreme Court has stated that "The principle purpose of the FLSA is "to protect all covered workers from substandard wages and oppressive working hours." *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 739, 101 S. Ct. 1437, 67 L. Ed. 2d 641 (1981).

8

Here, Plaintiff pleaded that she allegedly agreed with one or more Defendants to receive a salary of $350,000.00 per year for her work. Complaint ¶11. An executive who makes that amount of money does not implicate the FLSA and its low wage worker policies.

Additinoally, Plaintiff's Complaint does not plausibly allege that her effective wage rate ever fell below $7.25 per hour (the FLSA minimum wage at all relevant times) under the longstanding *Klinghoffer* rule. *United States v. Klinghoffer Bros. Realty Corp.*, 285 F.2d 487, 490 (2d Cir. 1960) (provided "the total wage paid . . . during any given week . . . divided by the total time . . . worked that week" exceeded the applicable minimum wage, requirements of 206(a) were met); see also *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106, 116 (2d Cir. 2013) (reaffirming *Klinghoffer* and stating that, "so long as an employee is being paid the minimum wage or more, FLSA does not provide recourse for unpaid hours below the 40-hour threshold, even if the employee also works overtime hours the same week").

Indeed, nowhere in her Complaint does Plaintiff allege her total compensation in any workweek, her total hours worked in any workweek, or her alleged hourly rates of pay. In other words, she "fails to set forth necessary factual detail to support the inference of the additional working hours necessary for [her] effective hourly wage to drop below the minimum wage. That deficiency requires dismissal of Plaintiff's FLSA and NYLL wage claims."

Plaintiff fails to provide any specifics regarding – or even a clear narrative of – her alleged time spent working and compensation paid during her tenure. Numerous New York courts have required that a FLSA pleading contain facts necessary to this calculation – facts notably absent from Plaintiff's Complaint. *Hart v. Crab Addison, Inc.*, 2014 U.S. Dist. LEXIS 85916 (W.D.N.Y. June 24, 2014) (allegation that Plaintiff worked a "shift" subject to inappropriate tip credit insufficient to state a claim of violation of the minimum wage on a

9

"workweek" basis); *Bustillos v. Acad. Bus, LLC*, 2014 U.S. Dist. LEXIS 3980 (S.D.N.Y. Jan. 13, 2014) (rejecting minimum wage claim because pleading contained "no indication that . . . [plaintiff's] effective hourly wage fell below the minimum wage); see also *Bojaj v. Moro Food Corp.*, No. 13 Civ. 9202, 2014 U.S. Dist. LEXIS 159974, at *3,6 (S.D.N.Y. Nov. 13, 2014) (minimum wage claim dismissed where complaint provided no statement of plaintiffs' alleged wages and hours); *Johnson v. Equinox Holdings, Inc.*, No. 13 Civ. 6313, 2014 U.S. Dist. LEXIS 91786, at *12 (S.D.N.Y. July 2, 2014) (dismissal where conclusory and unsupported minimum wage allegations were insufficient to raise "more than a mere possibility of a right to relief").

Finally, Plaintiff alleges that one or more of the Defendants compensated her for her work in the amount of $14,000.00. See Complaint ¶17.  It should be noted that $14,000.00 would satisfy the federal minimum wage for forty (40) hours of work per week for approximately one year (40 hours x $7.25 = $290.00 x 52 weeks = $15,080.00).  However, as indicated above, because Plaintiff's pleading does not indicate the number of hours she allegedly worked in any week, <u>the Plaintiff has not sufficiently plead entitlement to relief under the statute and the Complaint should be dismissed as a result.</u>

### D. JURISDICTION OVER PLAINTIFF'S REMAINING STATE LAW CLAIMS

"Certainly, if the federal claims are dismissed before trial . . . the state claims should be dismissed as well." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). Indeed, "[b]oth the Second Circuit and the Supreme Court have held that, as a general rule, when the federal claims are dismissed the 'state claims should be dismissed as well.'" *Cromwell v. New York City Health & Hosp. Corp.*, 2013 WL 2099252, at *4 (S.D.N.Y. May 15, 2013) (quoting *In re Merrill Lynch Ltd. P'ships Litig.*, 154 F.3d 56, 61 (2d Cir. 1998)); *Ehrbar v. Forest Hills Hosp.*, 131 F. Supp. 3d 5, 37 (E.D.N.Y. 2015) (Brodie, J.) ("'[I]n the usual case in which all

federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims.'") (quoting *Pension Ben. Guar. Corp. v. Morgan Stanley Inc. Mgmt. Inc.*, 712 F.3d 705, 727 (2d Cir. 2013)) (alterations in original).

Indeed, "[t]he district court may decline to exercise supplemental jurisdiction over a claim . . . [if] the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); see *Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 307 (2d Cir. 2003) (holding that "there were judicial economies to be achieved by declining to exercise supplemental jurisdiction" over remaining state claims after it became clear that plaintiffs lacked any viable federal claims); *Seabrook v. Jacobson*, 153 F.3d 70, 72 (2d Cir. 1998) (noting that it is particularly appropriate for the district court to dismiss where "the federal claim on which the state claim hangs has been dismissed"). As described above, the Court should dismiss Plaintiff's federal minimum wage claims. The Court should also dismiss Plaintiff's NYLL minimum wage claim.

After those dismissals, Plaintiff's remaining claims would be limited to her minimum wage claims under the NYLL only. Because there are no circumstances weighing in favor of exercising supplemental jurisdiction over Plaintiff's remaining state law claims, the Court should dismiss them with prejudice to filing anew in state court.

## **CONCLUSION**

Plaintiff's factual allegations regarding her FLSA minimum wage claim fail to support a claim that Defendants were covered by or violated the FLSA. Plaintiff asserts nothing more than conclusory statements (many of which are simply restatements of law, rather than factual

11

allegations) to support her FLSA claims and thus fails to properly state a claim. Therefore, Plaintiff's FLSA claims should be dismissed with prejudice, the balance of her claims dismissed with prejudice, and this case should be closed

Dated: New York, New York
May 14, 2021

                                                Respectfully submitted,

                                                Isaac Myers III - 5055819
                                                Curlew New York, LLC
                                                188 Grand Street, Suite 337
                                                New York, NY 10013
                                                Ph: 212-804-8655
                                                Isaac@CurlewLaw.com