**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------X
JOHNNA L. AYRES,

                                   Plaintiff,

               -against-

ROBERT J. SHIVER, ROBERT J. SHIVER, LLC,
and PRUDENT REVERE CAPITAL GROUP, INC.,



                                   Defendants.
------------------------------------------------------X

CIVIL ACTION NO. 21 CV 0473
(ERK)(PK)

**DEFENDANTS' NOTICE**
**OF MOTION**

**PLEASE TAKE NOTICE** that upon all prior pleadings and proceedings heretofore filed herein, the undersigned, on behalf of the Defendants, shall move this Court pursuant to Fed.R.Civ.P. 12(b)(6), for an Order dismissing Plaintiff's Complaint in its entirety, for failure to state a claim, and for such other and further relief as the Court deems appropriate.

**PLEASE TAKE FURTHER NOTICE** that pursuant to F.R.C.P. 6 and Local Rule 6.4, Plaintiff's opposition papers, if any, must be served upon the undersigned by the time required by the Rules.

Dated:  New York, New York

May 14, 2021

                                 Respectfully submitted,

                                   _____
                                   Isaac Myers III - 5055819
                                   Curlew New York, LLC
                                   188 Grand Street, Suite 337
                                   New York, NY 10013
                                   Ph: 212-804-8655
                                   Isaac@CurlewLaw.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------**X**

JOHNNA L. AYRES,

                                        Plaintiff,

                        -against-

ROBERT J. SHIVER, ROBERT J. SHIVER, LLC,
and PRUDENT REVERE CAPITAL GROUP, INC.,


                                        Defendants.
----------------------------------------------------------**X**

CIVIL ACTION NO. 21 CV 0473
(ERK)(PK)


**DEFENDANTS'**
**MEMORANDUM**
**OF LAW IN SUPPORT**

Isaac Myers III - 5055819
Curlew New York, LLC
188 Grand Street, Suite 337
New York, NY 10013
Ph: 212-804-8655
Isaac@CurlewLaw.com

1

## PRELIMINARY STATEMENT

The instant action is before this Court on Defendants' motion to dismiss Plaintiff's Complaint in its entirety pursuant to Fed. R. Civ. P. Rule 12(b)(6) for failure to state a claim. Defendants submit a Notice of Motion and this Memorandum of Law in support of their motion. Defendants allege that Plaintiff's claims fail to entitle it to any relief at law.  For the following reasons, Defendants' motion to dismiss should be granted in its entirety.

Plaintiff alleges two insufficiently pleaded violations under the FLSA, one for minimum wage and the other for essentially breach of contract. Both fail because clear Circuit precedent establishes that Plaintiff must specifically plead some amount of uncompensated or undercompensated work in the Complaint.  In the absence of federal question jurisdiction, the Court should abstain from exercising pendent jurisdiction over Plaintiff's New York Labor Law claims, and dismiss this action.

## FACTS

With express reservation of all rights, and solely for the purpose of the instant motion, Defendants respectfully refer the Court to the Complaint in this matter for a recitation of the alleged, relevant facts.

## PROCEDURAL POSTURE

On January 28, 2021, this action was filed by Plaintiff seeking damages for alleged underpayment of minimum wage and contractually agreed wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq* and the New York Labor Law ("NYLL") §§ 650 *et seq*. See Complaint ¶1.

In the order in which they are presented in Plaintiff's First Amended Complaint ("Complaint"), Plaintiff's causes of action are: 1) alleged unpaid contractual wages under the

FLSA, though no substantive section of the FLSA is cited therein; 2) alleged unpaid contractual wages under the NYLL, Article 6, though no substantive section of the NYLL is cited therein;; 3) alleged unpaid minimum wages under the FLSA, though no substantive section of the FLSA is cited therein; 4) alleged unpaid minimum wages under the NYLL, though no substantive section of the NYLL is cited therein. See Complaint ¶¶23-50.

## LEGAL STANDARDS

### A.  Procedural

Under Rule 8, a pleading "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). For nearly fifty years, a complaint failed to state a claim only where "'it appear[ed] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *In re Air Cargo Shipping Svcs. Antitrust Litig.*, 2010 WL 10947344, at \*5 (E.D.N.Y. Sept. 22, 2010) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)) (alterations in original). Then, in *Bell Atlantic Corp v. Twombly*, the Supreme Court abrogated the "no set of facts" pleading standard in favor of the facial "plausibility standard." 550 U.S. 544, 570 (2007). Under *Twombly*, to satisfy Rule 8's plausibility standard, a pleading's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 555.

The Supreme Court elaborated on "facial plausibility" in *Aschroft v. Iqbal*, explaining that a pleading must provide factual allegations that allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." 556 U.S. 662, 678 (2009). Fleshing out this standard further, the *Iqbal* Court explained that Rule 8 requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 678. "Although 'detailed factual allegations' are not required, '[a] pleading that offers 'labels and conclusions,' or 'a

3

formulaic recitation of the elements of a cause of action will not do.'" *Cain v. Rambert*, 2013 WL 6194294, at *1 (E.D.N.Y. Nov. 26, 2013) (Brodie, J.) (quoting *Twombly*, 550 U.S. at 555). "Legal conclusions or threadbare recitals of the elements of a cause of action, supported by conclusory statements, should not be credited." *Duffy v. Int'l Union of Operating Eng'rs Local 14-14B*, 795 F. Supp. 2d 246, 253 (E.D.N.Y. 2011) (citing *Iqbal*, 556 U.S. at 678). As a result, where the pleadings only permit a court to infer the "mere possibility of misconduct, the complaint has alleged - - but it has not 'show[n]' - - 'that the pleader is entitled to relief.'" Id. (quoting Fed. R. Civ. P. 8(a)(2)) (alterations in original).

Indeed, in analyzing whether a pleading satisfies Rule 8, "at the outset of a case, Rule 12(b)(6) serves as a type of gatekeeper, preventing claims that fail to satisfy Rule 8's requisites from proceeding onward through the labyrinthine terrain of a case's progression to resolution." *Hughes v. Ester C Co.*, 930 F. Supp. 2d 439, 455 (E.D.N.Y. 2013). Again, to survive a motion to dismiss under Rule 12(b)(6), the pleading "must include 'enough facts to state a claim that is plausible on its face.'" *In re Frito-Lay N. Am., Inc. All Nat. Litig.,* 2013 WL 4647512, at *3 (E.D.N.Y. Aug. 29, 2013) (quoting *Twombly*, 550 U.S. at 570). And when deciding a motion to dismiss, while well-pled claims are ordinarily taken as true, allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679.

### B. Substantive

The principle purpose of the FLSA is "to protect all covered workers from substandard wages and oppressive working hours." *Barrentine v. Arkansas-Best Freight Sys., Inc*., 450 U.S. 728, 739, 101 S. Ct. 1437, 67 L. Ed. 2d 641 (1981).  The regular, minimum rates at which employees must be paid are established by section 206 of the FLSA. Id. § 206(a). The FLSA sets forth a broad civil enforcement scheme, pursuant to which "[a]ny employer who violates the

provisions of section 206 or section 207 ... shall be liable to the employee **[*16]** or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." *Id*. § 216(b).

"[T]he text of FLSA requires only payment of minimum wages and overtime wages." *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 116 (2d Cir. 2013) (citing 29 U.S.C. §§ 201-19)). Accordingly, this Circuit has held that, "[s]o long as an employee is being paid the minimum wage or more, FLSA does not provide recourse for unpaid hours below the 40-hour threshold, even if the employee also works overtime hours the same week." Id.

## ARGUMENT

### A. PLAINTIFF'S COMPLAINT IS GENERALLY DEFICIENT

#### i.      *Lack of pleaded hours and pay*

Plaintiff's Complaint does not contain a single statement about or of the number of hours Plaintiff allegedly worked in any workweek.  Similarly, the Complaint does not indicate the amount of wages Plaintiff received in any workweek, or ever.  In other words, Plaintiff fails to set forth basic facts upon which one could conclude that minimum wage or other wage obligations were satisfied.  There is no way for the Court to determine whether federal minimum wage obligations have been satisfied from the pleading.  This renders Plaintiff's pleading speculative and insufficient under the controlling FLSA case law, as indicated above.  Additinoally, Plaintiff has essentially pleaded an alleged breach of contract and attempts to cloak the same in the form of a federal statutory wage claim.  This Court should not countenance such a thing.

ii.    *No FLSA coverage*

An employer is subject to the FLSA if their employee individually was "engaged in commerce" or if the employer was an "entity engaged in commerce." 29 U.S.C. § 206. "Individual employees are engaged in commerce 'when they are performing work involving or related to the movement of persons or things (whether tangibles or intangibles, and including information and intelligence)' between states." *Jacobs v. N.Y. Foundling Hosp.*, 483 F. Supp. 2d 251, 257 (E.D.N.Y. 2007) (citing 29 C.F.R. § 779.103). To be engaged in commerce, "a substantial part of the employee's work must be related to interstate commerce;" where an employee's interstate activities are not regular or recurring, courts do not consider the employee covered under the FLSA. *Bowrin v. Catholic Guardian Soc'y*, 417 F. Supp. 2d 449, 466 (S.D.N.Y. 2006) (citing *Divins v. Hazeltine Elec. Corp.*, 163 F.2d 100, 103 (2d Cir. 1947); *Walling v. Jacksonville Paper Co.*, 317 U.S. 564, 63 S. Ct. 332, 87 L. Ed. 460 (1943)). "As a basic rule, 'if [the plaintiff] did not have any contact with out-of-state customers or businesses, **[\*7]** he cannot be individually covered under the FLSA.'" *Payamps v. M & M Convenience Deli & Grocery Corp.*, No. 16-CV-4895 (LDH)(SJB), 2018 U.S. Dist. LEXIS 85043, at \*15 (E.D.N.Y. May 18, 2018) (citing *Li v. Cheng*, No. 10-CV-4664, 2012 U.S. Dist. LEXIS 40151, 2012 WL 1004852, at \*4 (E.D.N.Y. Mar. 23, 2012)).

Here, the Complaint contains no allegations that Plaintiff's alleged work involved or related to the movement of persons or things between states.  Nor does it state, for instance, whether Plaintiff's duties regularly required her to interact with suppliers from other states, or if she had other duties beyond these primary roles that involved interstate commerce. For example, Plaintiff asserts that "The work performed by the companies had an impact on interstate

commerce". Complaint ¶29.  This threadbare assertion is not supported by any factual

allegations.  Plaintiff has therefore failed to allege individual coverage under the FLSA.

In terms of enterprise coverage, an "enterprise" is defined under the FLSA as "the related

activities performed . . . by any person or persons for a common business purpose." 29 U.S.C. §

203(r)(1). An enterprise is "engaged in commerce" where it "(i) has employees engaged in

commerce or in the production of goods for commerce, or that has employees handling, selling,

or otherwise working on **[*8]**  goods or materials that have been moved in or produced for

commerce by any person" and "(ii) is an enterprise whose annual gross volume of sales made or

business done is not less than $500,000." 29 U.S.C. § 203(s)(1)(A).

Where a complaint contains sufficient facts to support an inference of enterprise coverage

under the statute, even if those facts are not conclusive evidence of that coverage, some district

courts in this circuit have found the pleadings sufficient to support a finding of liability under the

statute. See, e.g., *Shim v. Millennium Grp.*, No. 08-CV-4022(FB)(VVP), 2009 U.S. Dist. LEXIS

6014, 2009 WL 211367, at *3 (E.D.N.Y. Jan. 28, 2009) (finding identification of defendant as

medical facility is sufficient to infer enterprise coverage as "it is simply inconceivable that none

of the medical, custodial or office supplies used at the Center originated outside of New

York"); *Gomez v. El Rancho de Andres Carne de Tres Inc.*, No. 12-CV-1264, 2014 U.S. Dist.

LEXIS 45580, 2014 WL 1310296, at *3 (E.D.N.Y. Mar. 11, 2014) (inferring that defendants

engaged in interstate commerce where the plaintiff alleged "that the defendants operated a

restaurant, Andres Carne, which served Columbian [sic] cuisine"), report and recommendation

adopted, 2014 U.S. Dist. LEXIS 43988, 2014 WL 1310299 (Mar. 31, 2014); *Cardoza v. Mango

King Farmers Mkt. Corp.*, No. 14-CV-3314, 2015 U.S. Dist. LEXIS 126019, 2015 WL 5561033,

at *3 (E.D.N.Y. Sept. 1, 2015), (finding that "[i]t is logical to infer that a supermarket's products

7

and produce would have originated outside **[*9]** of New York[,]" coupled with general allegations that defendant was "engage[d] in interstate commerce, produce[d] goods for interstate commerce, and/or handle[d], [sold], or otherwise work[ed] on goods or materials that have been moved in or produced for such commerce by any person"), report and recommendation adopted, 2015 U.S. Dist. LEXIS 125776, 2015 WL 5561180 (Sept. 21, 2015).

Plaintiff fails to meet even this permissive standard.   The Complaint's statements of "Work was performed in New York, New Jersey, Florida, and several other states" and "The work performed by the companies had an impact on interstate commerce" are precisely the kind of formulaic and conclusory statements that the Supreme Court has said does not suffice to state a claim for relief. Complaint ¶¶28-29.

The Complaint contains no factual allegations from which this Court could infer that any Defendant is an enterprise within the meaning of the statute.  Plaintiff refers to the two corporate Defendants only in the vaguest terms as "corporations" The Complaint also does not allege, even in a conclusory manner, whether any Defendants' annual gross volume of business is at least $500,000.  Nor the extent to which any Defendant conducts interstate business.  Plaintiff has thus failed to allege enterprise coverage under the FLSA.  Accordingly, because Plaintiff has not pled facts to show either individual or enterprise coverage under the FLSA, Plaintiff's FLSA claims must be dismissed.

## C. THE COMPLAINT FAILS TO STATE A CLAIM FOR MINIMUM WAGE UNDER THE FLSA AND NYLL

As an initial matter, the FLSA is concerned with low wage workers.  After all, the Supreme Court has stated that "The principle purpose of the FLSA is "to protect all covered workers from substandard wages and oppressive working hours." *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 739, 101 S. Ct. 1437, 67 L. Ed. 2d 641 (1981).

Here, Plaintiff pleaded that she allegedly agreed with one or more Defendants to receive a salary of $350,000.00 per year for her work. Complaint ¶11.  An executive who makes that amount of money does not implicate the FLSA and its low wage worker policies.

Additinoally, Plaintiff's Complaint does not plausibly allege that her effective wage rate ever fell below $7.25 per hour (the FLSA minimum wage at all relevant times) under the longstanding *Klinghoffer* rule. *United States v. Klinghoffer Bros. Realty Corp.*, 285 F.2d 487, 490 (2d Cir. 1960) (provided "the total wage paid . . . during any given week . . . divided by the total time . . . worked that week" exceeded the applicable minimum wage, requirements of 206(a) were met); see also *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106, 116 (2d Cir. 2013) (reaffirming *Klinghoffer* and stating that, "so long as an employee is being paid the minimum wage or more, FLSA does not provide recourse for unpaid hours below the 40-hour threshold, even if the employee also works overtime hours the same week").

Indeed, nowhere in her Complaint does Plaintiff allege her total compensation in any workweek, her total hours worked in any workweek, or her alleged hourly rates of pay.  In other words, she "fails to set forth necessary factual detail to support the inference of the additional working hours necessary for [her] effective hourly wage to drop below the minimum wage.  That deficiency requires dismissal of Plaintiff's FLSA and NYLL wage claims."

Plaintiff fails to provide any specifics regarding – or even a clear narrative of – her alleged time spent working and compensation paid during her tenure. Numerous New York courts have required that a FLSA pleading contain facts necessary to this calculation – facts notably absent from Plaintiff's Complaint. *Hart v. Crab Addison, Inc.*, 2014 U.S. Dist. LEXIS 85916 (W.D.N.Y. June 24, 2014) (allegation that Plaintiff worked a "shift" subject to inappropriate tip credit insufficient to state a claim of violation of the minimum wage on a

"workweek" basis); *Bustillos v. Acad. Bus, LLC*, 2014 U.S. Dist. LEXIS 3980 (S.D.N.Y. Jan. 13, 2014) (rejecting minimum wage claim because pleading contained "no indication that . . . [plaintiff's] effective hourly wage fell below the minimum wage); *see also Bojaj v. Moro Food Corp.*, No. 13 Civ. 9202, 2014 U.S. Dist. LEXIS 159974, at *3,6 (S.D.N.Y. Nov. 13, 2014) (minimum wage claim dismissed where complaint provided no statement of plaintiffs' alleged wages and hours); *Johnson v. Equinox Holdings, Inc.*, No. 13 Civ. 6313, 2014 U.S. Dist. LEXIS 91786, at *12 (S.D.N.Y. July 2, 2014) (dismissal where conclusory and unsupported minimum wage allegations were insufficient to raise "more than a mere possibility of a right to relief").

Finally, Plaintiff alleges that one or more of the Defendants compensated her for her work in the amount of $14,000.00. See Complaint ¶17.  It should be noted that $14,000.00 would satisfy the federal minimum wage for forty (40) hours of work per week for approximately one year (40 hours x $7.25 = $290.00 x 52 weeks = $15,080.00).  However, as indicated above, because Plaintiff's pleading does not indicate the number of hours she allegedly worked in any week, the Plaintiff has not sufficiently plead entitlement to relief under the statute and the Complaint should be dismissed as a result.

### D.  JURISDICTION OVER PLAINTIFF'S REMAINING STATE LAW CLAIMS

"Certainly, if the federal claims are dismissed before trial . . . the state claims should be dismissed as well." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). Indeed, "[b]oth the Second Circuit and the Supreme Court have held that, as a general rule, when the federal claims are dismissed the 'state claims should be dismissed as well.'" *Cromwell v. New York City Health & Hosp. Corp.*, 2013 WL 2099252, at *4 (S.D.N.Y. May 15, 2013) (quoting *In re Merrill Lynch Ltd. P'ships Litig.*, 154 F.3d 56, 61 (2d Cir. 1998)); *Ehrbar v. Forest Hills Hosp.*, 131 F. Supp. 3d 5, 37 (E.D.N.Y. 2015) (Brodie, J.) ("'[I]n the usual case in which all

federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims.'") (quoting *Pension Ben. Guar. Corp. v. Morgan Stanley Inc. Mgmt. Inc.*, 712 F.3d 705, 727 (2d Cir. 2013)) (alterations in original).

Indeed, "[t]he district court may decline to exercise supplemental jurisdiction over a claim . . . [if] the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); see *Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 307 (2d Cir. 2003) (holding that "there were judicial economies to be achieved by declining to exercise supplemental jurisdiction" over remaining state claims after it became clear that plaintiffs lacked any viable federal claims); *Seabrook v. Jacobson*, 153 F.3d 70, 72 (2d Cir. 1998) (noting that it is particularly appropriate for the district court to dismiss where "the federal claim on which the state claim hangs has been dismissed"). As described above, the Court should dismiss Plaintiff's federal minimum wage claims. The Court should also dismiss Plaintiff's NYLL minimum wage claim.

After those dismissals, Plaintiff's remaining claims would be limited to her minimum wage claims under the NYLL only.  Because there are no circumstances weighing in favor of exercising supplemental jurisdiction over Plaintiff's remaining state law claims, the Court should dismiss them with prejudice to filing anew in state court.

## CONCLUSION

Plaintiff's factual allegations regarding her FLSA minimum wage claim fail to support a claim that Defendants were covered by or violated the FLSA.  Plaintiff asserts nothing more than conclusory statements (many of which are simply restatements of law, rather than factual

allegations) to support her FLSA claims and thus fails to properly state a claim.  Therefore,

Plaintiff's FLSA claims should be dismissed with prejudice, the balance of her claims dismissed

with prejudice, and this case should be closed

Dated:  New York, New York

May 14, 2021

Respectfully submitted,

_____
Isaac Myers III - 5055819
Curlew New York, LLC
188 Grand Street, Suite 337
New York, NY 10013
Ph: 212-804-8655
Isaac@CurlewLaw.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------X                CIVIL ACTION NO. 21 CV 0473
JOHNNA L. AYRES,                                                                        (ERK)(PK)


                                                     Plaintiff,

                           -against-

ROBERT J. SHIVER, ROBERT J. SHIVER, LLC,            **AFFIRMATION OF SERVICE**
and PRUDENT REVERE CAPITAL GROUP, INC.,

                                                     Defendants.

-------------------------------------------------------X


     Isaac Myers III, an attorney admitted to practice in the Eastern District of New York,
affirms the following under penalty of perjury:

1.     I am the attorney for the Defendants.

2.     On the 14th day of May, 2021, I served the annexed Notice of Motion and Memorandum
     of Law in Support on counsel for the Plaintiff, The Wagner Law Group. P.C., by
     electronic mail to the following e-mail addresses: DGabor@wagnerlawgroup.com and
     KBrustowicz@wagnerlawgroup.com


Dated: New York, NY
       May 14, 2021


                                   Respectfully submitted,

                                   _____
                                   Isaac Myers III – 5055819
                                   Curlew New York, LLC
                                   188 Grand Street, Suite 337
                                   New York, NY 10013
                                   Ph: 212-804-8655
                                   Isaac@CurlewLaw.com

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X Docket N0. 21-cv-00473 (ERK)(PK)
JOHNNA L. AYRES,

                    Plaintiff,

       -   Against –

ROBERT J. SHIVER, ROBERT J. SHIVER LLC,
and PRUDENT REVERE CAPITAL GROUP, INC.,

                    Defendants.

-------------------------------------------------------------------X

 

PLAINTIFF'S MEMORANDUM OF LAW IN
OPPOSITION TO DEFENDANTS'
RULE 12 MOTION TO DISMISS

 

THE WAGNER LAW GROUP, P.C.
***Attorney for Plaintiff***
99 Summer Street, 13th Floor
Boston, MA 02110
Telephone: (617) 532-8035
Facsimile: (617) 357-5250

# TABLE OF CONTENTS

I.   PRELIMINARY STATEMENT ................................................................................. 1

II.  THE FACTS AS PLED .......................................................................................... 2

III. LEGAL ARGUMENT ............................................................................................ 3

    A.  Rule 12 Standard ........................................................................................ 3

    B.  Claims Under the FLSA ............................................................................. 3

    C.  Non-Payment of Wages Under New York Labor Law Article 6 §§ 190 to 199A .. 6

    D.  Diversity Jurisdiction ................................................................................. 8

IV.  THERE HAS BEEN NO DISCOVERY ................................................................. 8

V.   CONCLUSION ....................................................................................................... 9

# TABLE OF AUTHORITIES

## *Cases*

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................................ 3

*Barrentine v. Arkansas-Best Frgt. Sys., Inc.*, 450 U.S. 728 (1981) ................................. 3, 4

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ............................................................... 3

*Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697 (1945) ........................................................... 5

*Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) ............................... 5

*Chun Jie Yin v. Kim*, No. 07 CV 1236 DLI JO, 2008 WL 906736 (E.D.N.Y. Apr. 1, 2008) ................. 8

*Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42 (2d Cir. 1991) .................................... 3

*Danusiar v. Auditchain USA, Inc.*, No. 20-CV-1477 (KNF), 2020 WL 6126378 (S.D.N.Y. Oct. 8, 2020)

......................................................................................................................... 3, 7

*Doe v. Columbia Univ.*, 831 F.3d 46 (2d Cir. 2016) .......................................................... 9

*Interpharm, Inc. v. Wells Fargo Bank, Nat'l Ass'n*, 655 F.3d 136 (2d Cir. 2011) ................. 3

*Jacobs v. N.Y. Foundling Hosp.*, 483 F. Supp. 2d 251 (E.D.N.Y. 2007) ............................... 5

*Pachter v. Bernard Hodes Grp. Inc.*, 891 N.E.2d 279 (N.Y. 2008) ..................................... 8

*Rodriguez v. Almighty Cleaning, Inc.*, 784 F. Supp. 2d 114 (E.D.N.Y. 2011) ....................... 4

*Santillan v. Henao*, 822 F. Supp. 2d 284 (E.D.N.Y. 2011) ......................................... 4, 5, 8

*Schafer v. Direct Energy Services, LLC*, 845 F. Appx 81 (2d Cir. 2021) ............................ 8, 9

*Shim v. Millennium Group*, No. 08–CV–4022, 2009 WL 211367 (E.D.N.Y. Jan. 28, 2009) ................. 4

## *Statutes*

28 U.S.C. §1332 ................................................................................................................ 8

29 U.S.C. § 202(a) ............................................................................................................ 3

29 U.S.C. § 206(a) ............................................................................................................ 4

29 U.S.C. § 207(a) ............................................................................................................ 4

29 U.S.C. § 211(c) ............................................................................................................ 5

{99933/A0614788.1}

29 U.S.C. § 215(a)(5) ........................................................................................................... 5

29 U.S.C. § 216(b) ............................................................................................................... 4

N.Y. Lab. Law Article 6 ...................................................................................................... 7

N.Y. Lab. Law § 190 *et seq.* ............................................................................................... 6

N.Y. Lab. Law § 190(1) ...................................................................................................... 7

N.Y. Lab. Law § 191 ........................................................................................................... 7

N.Y. Lab. Law § 193 ........................................................................................................... 7

N.Y. Lab. Law § 198(3) ...................................................................................................... 8

***Other Authorities***

The U.S. Department of Labor, *Handy Reference Guide to the Fair Labor Standards Act*, (last visited
   June 15, 2021), https://www.dol.gov/agencies/whd/compliance-assistance/handy-reference-guide- flsa
   ................................................................................................................................................4

***Regulation***

29 C.F.R. § 779.103 ........................................................................................................... 5

{99933/A0614788.1}

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X Docket N0. 21-cv-00473 (ERK)(PK)
JOHNNA L. AYRES,

                  Plaintiff,

      -   Against -

ROBERT J. SHIVER, ROBERT J. SHIVER
LLC, and PRUDENT REVERE CAPITAL
GROUP, INC.,

                  Defendants.
-------------------------------------------------------------------X

        Johnna L. Ayres, ("Ayres") by her attorney, The Wagner Law Group, as and for her

Memorandum of Law in Opposition to the Defendants' Rule 12 motion to dismiss, respectfully sets

forth as follows.

### I.      Preliminary Statement

        On February 1, 2019, Ayres began to work for the Defendants. The terms of her employment

were memorialized in a letter written by Robert Shiver ("Shiver") that was dated June 5, 2019.[1]  The

letter makes clear that Ayres was to be paid a bi-weekly salary of $350,000.00 commencing on

February 1, 2019.  The Defendants did not pay Ayres at all from February 1, 2019 until she received

$14,000.00 in the spring of 2020.[2]  Ayres continued to work for the Defendants into the fall of 2020.

Ayres is owed $525,000.00 in unpaid wages.[3]

        Despite the fact that the Defendants have no defense for their failure to pay wages, they have

---



[1] A copy of the letter is attached to the Amended Complaint as Exhibit A. ECF Document 7, Page 9 of 9.
[2] Amended Complaint ¶¶15-17.
[3] Amended Complaint ¶19.

filed this Rule 12 motion claiming that Fair Labor Standards Act ("FLSA") does not cover this matter, that there was no minimum wage claim, that Ayres has no claims under New York State Law, and that this Court has no jurisdiction over the New York State claims if the FLSA claims are dismissed.

For the reasons set forth in this Memorandum of Law, all of Ayres claims have merit, this Court has proper jurisdiction, and the Defendants' motion should be denied in its entirety.

## II.      The Facts as Pled

Ayres was hired by the Defendants to work as the Chief Operating Officer of Robert J. Shiver, LLC (the "Company"). Her start date was February 1, 2019 and she continued to work for the company into the fall of 2020. The Company agreed to pay her $350,000.00 per year in compensation, a bonus of no less than 80% of her annual salary, 10% equity in the Company, and benefits.[4]

Ayres did not receive any compensation until the spring of 2020.[5] As a result, Ayres worked from February 2019 through the early spring of 2020 without any compensation. Ayres then worked from the end of the spring through the early fall without compensation.[6] Ayres worked more than seventy (70) weeks in which she did not receive any compensation at all. In each of those weeks, Ayres was not paid at least minimum wage.

Shiver had sole control over how and when his employees were paid. Shiver controlled the books and the bank accounts.[7] Ayres performed work for the Company in New York, New Jersey, Florida, and several other states.[8]

---

[4] Exhibit A attached to the Amended Complaint.
[5] Amended Complaint ¶17.
[6] *Id.*
[7] Amended Complaint ¶¶25-26.
[8] Amended Complaint ¶28.

2

### III.   Legal Argument

#### A.  Rule 12 Standard

On a motion pursuant to Rule 12(b)(6), all facts alleged in the complaint are assumed to be true and all reasonable inferences are drawn in the plaintiff's favor.  See *Interpharm, Inc. v. Wells Fargo Bank, Nat'l Ass'n*, 655 F.3d 136, 141 (2d Cir. 2011); see also *Danusiar v. Auditchain USA, Inc.*, No. 20-CV-1477 (KNF), 2020 WL 6126378, at *6 (S.D.N.Y. Oct. 8, 2020).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Ayres described the terms of the employer-employee relationship, the amount of money that she should have earned and the amount of money that she was paid.  Ayres included the offer letter as an exhibit to her Amended Complaint.  The pleading is deemed to include written attachments, such as the offer letter.  See *Cortec Indus., Inc. v. Sum Holding L.P.,* 949 F.2d 42, 47 (2d Cir. 1991).

#### B.  Claims Under the FLSA

Ayres plausibly pled that for more than seventy (70) weeks, she worked and was not paid one cent.  The manner in which the Defendants treated Ayres is consistent with the purpose behind the FLSA.  "The principal congressional purpose in enacting the Fair Labor Standards Act of 1938 was to protect all covered workers from substandard wages and oppressive working hours, "labor conditions [that are] detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." 29 U.S.C. § 202(a)."  *Barrentine v.*

3

*Arkansas-Best Frgt. Sys., Inc.*, 450 U.S. 728, 739 (1981). The FLSA was established to prevent employers, like Shiver, from taking advantage of his employees.

In fact, the statutory enforcement scheme grants individual employees broad access to the courts. Section 216(b) of the Act, 29 U.S.C. § 216(b), which contains the principal enforcement provisions, permits an aggrieved employee to bring his statutory wage and hour claim "in any Federal or State court of competent jurisdiction." *Barrentine, supra* at 740.

Section 206 of the FLSA sets forth the minimum hourly wage employers must pay their employees who engage in work that has an effect on interstate commerce. See *Barrentine, supra,* (quoting 29 U.S.C. § 202(a)) (footnote omitted); *Santillan v. Henao*, 822 F. Supp. 2d 284, 291 (E.D.N.Y. 2011). As referenced in the DOL's Handy Reference Guide, "Wages required by the FLSA are due on the regular payday for the pay period covered."[9] According to the Defendants' offer letter, Ayres was to be paid bi-weekly. Each pay period in which Ayres was not paid constitutes a violation of the FLSA.

In *Rodriguez v. Almighty Cleaning, Inc.*, Judge Seybert described the prima facie showing of a violation under the FLSA:

> In order to make a *prima facie* showing of a violation under the minimum wage and overtime provisions of the FLSA, Plaintiffs must adequately allege that they were covered employees under the FLSA. The FLSA minimum-wage and overtime provisions apply only to employees who are "(1) personally engaged in interstate commerce or in the production of goods for interstate commerce (so-called 'individual coverage'), or (2) [were] employed in an enterprise engaged in interstate commerce or in the production of goods for interstate commerce (so-called 'enterprise coverage')." *Shim v. Millennium Group,* No. 08–CV–4022, 2009 WL 211367, at *2 (E.D.N.Y. Jan. 28, 2009).

784 F. Supp. 2d 114, 120 (E.D.N.Y. 2011). Ayres satisfies this showing by demonstrating that she worked for the Defendants in several states and the work that the Defendants did was performed in

---

[9] The U.S. Department of Labor, *Handy Reference Guide to the Fair Labor Standards Act,* (last visited June 15, 2021), https://www.dol.gov/agencies/whd/compliance-assistance/handy-reference-guide-flsa.

multiple states.  "Individual employees are engaged in commerce 'when they are performing work involving or related to the movement of persons or things (whether tangibles or intangibles, and including information and intelligence)' between states." *Jacobs v. N.Y. Foundling Hosp.,* 483 F. Supp. 2d 251, 257 (E.D.N.Y. 2007) (citing 29 C.F.R. § 779.103).  Here, Ayres physically worked in several different states for the Defendants during the course of her employment.  Ayres also satisfies the willful failure to pay minimum wage prong by plausibly alleging that she worked from February 1, 2019 into the spring of 2020 without receiving any compensation at all.

One of the Defendants' arguments concerns the suggestion that Ayres should have affirmatively pled the actual hours that she worked each week.  To begin with, she pled what she is owed for unpaid wages.  Moreover, Section 211(c) of the FLSA requires that covered employers "make, keep and preserve ... records" of their employees with respect to "wages, hours, and other conditions and practices of employment" for a certain period of time. 29 U.S.C. § 211(c).  It is Shiver's responsibility to track the hours that Ayres worked each and every.  Section 215(a)(5) of the FLSA makes it unlawful for any employer covered under the statute to violate any of these record-keeping provisions.  *See* 29 U.S.C. § 215(a)(5); *Santillan v. Henao*, 822 F. Supp. 2d 284, 291 (E.D.N.Y. 2011).  The recordkeeping requirements were designed to prevent abuses from unscrupulous employers like Shiver who seek to manipulate and abuse unsuspecting and hardworking people.  The FLSA and courts recognize the unfair and disparate bargaining power that employers like Shiver have over employees such as Ayres.  *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 207 (2d Cir. 2015) (quoting *Brooklyn Sav. Bank v. O'Neil,* 324 U.S. 697, 706–07 (1945)).

The Defendants attempt to support their arguments regarding the FLSA claim by somehow suggesting that Ayres failed to plead the amount of wages that she received.  As stated above,

5

Ayres pled that she worked from February 1, 2019 until the spring of 2020 when she received

$14,000.00.  She then worked into the fall of 2020 without receiving any additional compensation.

"The only wages that Ayres has received was roughly $14,000.00 paid to her in the spring of 2020

as part of a loan as a result of the pandemic."  See ¶ 17 of Plaintiff's Amended Complaint.  Ayres

has plausibly pled that she worked for more than seventy (70) weeks without receiving any

compensation.  Each of those weeks amounts to a violation of federal minimum wage.

The Defendants suggest that the mere fact that Ayres received $14,000.00 as part of the

pandemic relief program satisfied their obligation under the federal minimum wage laws.  That is

not the case because each week that Ayres worked without getting paid, amounts to a violation of

the minimum wage law.  It is not cured by paying money for other weeks worked.

Finally, Shiver had sole access and control over the Defendants' books and banking

records.[10]  It would be necessary to engage in discovery to determine the amount of revenue

generated by the Defendants and the exact terms for each of the contracts entered into between the

Defendants and their customers.  These contracts are material to the Plaintiff's claims and will

speak to the issue which Defendants raise regarding interstate commerce as well as the

Defendants' annual gross volume of business.

### C.  Non-Payment of Wages Under New York Labor Law Article 6 §§ 190 to 199A

Ayres has plausibly pled the terms of the employer-employee relationship which included

the payment of wages, a bonus, and benefits.  The Defendants have violated NYLL § 190 *et seq.*

by willfully failing to pay said wages, bonus, and benefits.

NY Labor Law defines "wages" as the "earnings of an employee for labor or services

---

[10] Amended Complaint ¶26.

rendered, regardless of if the amount of earnings is determined on a time, piece, commission or other basis." NYLL § 190(1).  The statute is designed to protect employees from abuses such as those taken by Shiver.  Section 191 mandates the frequency of wage payments.  In violation of NYLL § 191, the Defendants did not pay Ayres at all from February 1, 2019 until she received $14,000.00 in the spring of 2020.[11]

Ayres is entitled to recover *all* unpaid wages (emphasis added).  NYLL § 193. "Taking as true the plaintiff's allegations that he earned his "wages," which included his salary, bonus and separation pay, and the defendants failed to pay his earned "wages," the Court finds that the plaintiff alleged sufficient factual content that allows the Court to draw the reasonable inference that the defendants are liable for violating Section 193 of NYLL Article 6. Thus, dismissing Count II for failure to state a claim is not warranted." *Danusiar v. Auditchain USA, Inc.*, No. 20-CV-1477 (KNF), 2020 WL 6126378, at *9 (S.D.N.Y. Oct. 8, 2020).

Defendants argue Ayres does not qualify for NYLL protection because she was an executive. The *Danusiar* Court further clarified that the New York Labor Law protects executives.  "Section 198 of NYLL Article 6 does not exclude executives expressly. Since the Court finds that the plaintiff asserted sufficient factual content to state a claim for violation of <u>Section 193</u> of NYLL Article 6, the availability of remedies under <u>Section 198</u>, if any, will depend on the resolution of the plaintiff's claim under Section 193 NYLL Article 6." *Id.*

 Moreover, Ayres worked as an executive in title only.  She was not paid nearly enough to qualify as an executive under New York Law.  She did not earn at least $900.00 per week. Further, the Court of Appeals has held "that an 'executive' falls within the ambit of the protections

---

[11] Amended Complaint ¶¶ 15-17.

{99933/A0614788.1}

afforded to employees under sections 190 and 193 of the Labor Law." *See Pachter v. Bernard Hodes Grp. Inc.*, 891 N.E.2d 279, 281–83 (N.Y. 2008).

Ayres has adequately pled the Defendants' willful failure to pay wages in accordance with the offer letter that the Defendants prepared and presented to Ayres. "[A] plaintiff who prevails on a cause of action under the state law is entitled to the full amount of wages owed, not just the statutory minimum wage for the hours worked." *Chun Jie Yin v. Kim*, No. 07 CV 1236 DLI JO, 2008 WL 906736, at *4 (E.D.N.Y. Apr. 1, 2008); *see also Santillan v. Henao*, 822 F. Supp. 2d 284, 293 (E.D.N.Y. 2011) ("All employees shall have the right to recover full wages ... accrued during the six years previous to the commencing of such action"; N.Y. Lab. Law § 198(3).

### D.  Diversity Jurisdiction

The Defendants' last argument is that if the federal claims are dismissed, the court should not retain jurisdiction over the state claims. However, this action was brought in federal court based upon a federal question as well as diversity. 28 U.S.C. §1332.[12]  Ayres is domiciled in New York and Shiver is in New Jersey, while the Company is registered in Ohio.[13]  As a result, this matter belongs in federal court based upon diversity of jurisdiction.

### IV.    There Has Been No Discovery

In *Schafer v. Direct Energy Services, LLC,* the Second Circuit addressed the issue of a lack of discovery in this early stage of litigation.

> Insofar as Direct Energy protests on appeal that "Schafer did not have the allegedly violative Contract Materials in his possession when he sued" and thus "[h]is allegations were instead based on 'information and belief,' and very little else," Direct Energy Br. 1, that argument undermines any suggestion that Schafer could have relied upon or incorporated by reference those materials in drafting his First Amended Complaint. Moreover, so long as Schafer has alleged sufficient facts to plausibly state a claim, his

---

[12] Amended Complaint ¶7.
[13] Amended Complaint ¶¶2-5.

{99933/A0614788.1}

factual allegations are entitled to the presumption of truth at the pleading stage—and, if his claim survives a Rule 12(b)(6) motion, that is what discovery is for. *See Doe v. Columbia Univ.*, 831 F.3d 46, 48 (2d Cir. 2016) explaining that what "a plaintiff alleges in the complaint may turn out to be self-serving and untrue. But a court at this stage of our proceeding *is not engaged in an effort to determine the true facts*. [...] If the complaint is found to be sufficient to state a legal claim, the opposing party will then have ample opportunity to contest the truth of the plaintiff's allegations and to offer its own version" (emphasis added).

845 F. Appx 81, 83 (2d Cir. 2021). Ayres would require discovery of records to determine the extent of the Defendants' business, their revenue, the extent of interstate commerce, as well as a review of the Defendants' records of the hours that she worked, the papers filed with New York State and the IRS for tax purposes, as well as other relevant records. Ayres did not and does not have access to any of these documents. Because the parties will need to conduct discovery Defendants' Motion is premature and should be denied.

## V.      Conclusion

It is for the reasons stated herein that the Defendants' motion to dismiss should be denied and that this action should be allowed to proceed with discovery.

**Dated**: Boston, Massachusetts
June 18, 2021

Very Truly Yours,

THE WAGNER LAW GROUP, P.C.
*Attorney for Plaintiff*
David G. Gabor, Esq. - 2160521
99 Summer Street, 13th Floor
Boston, MA 02110
Telephone: (617) 532-8035
Facsimile: (617) 357-5250

## **AFFIDAVIT OF SERVICE**

I, David Gabor, hereby certify that I served the foregoing memorandum, on June 18, 2021, by email as agreed with counsel, upon the following counsel of record:

> Isaac Myers III
> The Curlew Law Firm
> 188 Grand Street, Suite 337
> New York, New York 10013
> Isaac@curlewlaw.com

_____
                    David Gabor

10

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------**X**
JOHNNA L. AYRES,

CIVIL ACTION NO. 21 CV 0473
(ERK)(PK)

**DEFENDANTS' REPLY**
**MEMORANDUM**
**OF LAW IN SUPPORT**

                                    Plaintiff,

              -against-

ROBERT J. SHIVER, ROBERT J. SHIVER, LLC,
and PRUDENT REVERE CAPITAL GROUP, INC.,

                                    Defendants.
-------------------------------------------------------**X**

Isaac Myers III, Esq.
Curlew New York LLC
Attorney for Defendants
188 Grand Street, Ste. 337
New York, NY 10013
Isaac@CurlewLaw.com
Ph: (212) 804-8655

1

## PRELIMINARY STATEMENT

The instant action is before this Court on Defendants' motion to dismiss Plaintiff's Complaint in its entirety pursuant to Fed. R. Civ. P. Rule 12(b)(6) for failure to state a claim. Defendants submit a Notice of Motion, a Memorandum of Law in support and this Reply Memorandum of Law in support of their motion.  Defendants allege that Plaintiff's pleading of its FLSA claim fails as a matter of law; and that the Labor Law is inapplicable to this dispute. For the following reasons, Defendants' motion to dismiss should be granted in its entirety.

## FACTS

With express reservation of all rights, and solely for the purpose of the instant motion, Defendants respectfully refer the Court to the Complaint in this matter for a recitation of the alleged, relevant facts.

## ARGUMENT

## I.       PLAINTIFF'S FLSA PLEADING DOES NOT MEET THE STANDARD

As indicated in Defendants' Memorandum of Law in Support, Plaintiff's pleading is deficient under the applicable standard.  In *Oram v. SoulCycle LLC*, 979 F. Supp. 2d 498, 506 (S.D.N.Y. Oct. 28, 2013), plaintiff's minimum wage claims were deemed defective because the exercise instructor plaintiff failed to allege his "actual rate of pay (per class or otherwise), or his total number of hours worked per week." *Id.* at 507 (emphasis added).  The court there applied FLSA pleading standards to dismiss the NYLL minimum wage claim, which was brought under supplemental jurisdiction, like in the case at bar. *Id.*

Numerous New York courts have required that a FLSA pleading contain  facts  necessary to this calculation – facts notably absent from Plaintiff's Complaint. *Hart v. Crab Addison, Inc.*, 2014 U.S. Dist. LEXIS 85916 (W.D.N.Y. June 24, 2014) (allegation that Plaintiff worked a "shift" subject to inappropriate tip credit insufficient to state a claim of violation of the minimum wage on a "workweek" basis); *Bustillos v. Acad. Bus, LLC*, 2014 U.S. Dist. LEXIS 3980

(S.D.N.Y. Jan. 13, 2014) (rejecting minimum wage claim because pleading contained "no indication that . . . [plaintiff's] effective hourly wage fell below the minimum wage). See also *Bojaj v. Moro Food Corp.*, No. 13 Civ. 9202, 2014 U.S. Dist. LEXIS 159974, at *3,6 (S.D.N.Y. Nov. 13, 2014) (minimum wage claim dismissed where complaint provided no statement of plaintiffs' alleged wages and hours); *Johnson v. Equinox Holdings, Inc.*, No. 13 Civ. 6313, 2014 U.S. Dist. LEXIS 91786, at *12 (S.D.N.Y. July 2, 2014) (dismissal where conclusory and unsupported minimum wage allegations were insufficient to raise "more than a mere possibility of a right to relief").  The instant controversy should be decided similarly as the operative Complaint lacks factual detail along similar lines.

Here, Plaintiffs' FLSA claim must be dismissed for failure to state a claim because Plaintiff has not identified the alleged hours worked nor set forth sufficient facts such that a Court could infer that Plaintiff's rate of pay fell below the federal minimum wage at any particular time.  Plaintiff's claims are not plausibly plead.  For these reasons, Plaintiff's FLSA claims must be dismissed.

## II.    LABOR LAW § 191 EXCLUDES EXECUTIVES

Plaintiff's sole Labor Law claim arises under Labor Law § 191, not Labor Law § 193.  In opposition to this motion, Plaintiff argues that *Danusiar v. Auditchain USA, Inc.*, No. 20-CV-1477 (KNF), 2020 WL 6126378, at *9 (S.D.N.Y. Oct. 8, 2020), stands for the proposition that Article 6 of the Labor Law applies to executives like Plaintiff. Plaintiff's Memorandum in Opposition at 7.  Plaintiff's argument is misplaced.

First, Plaintiff relies on a federal court's interpretation of state law in *Danusiar*, not a state appellate court.  Second, Labor Law §193 and §191 serve different purposes. Whereas Labor Law §193 protects all employees, regardless of position or income, against wage theft, N.Y. LAB. LAW § 193(1) (McKinney 2017), Labor Law § 191 gives extra protection to manual,

clerical, and other employees often associated with modest incomes by requiring that they be paid at specified intervals. Id. § 191(1)(a), (d).

The New York Court of Appeals has made clear that employees not covered by Labor Law § 191 (the timely pay provision) must look to Labor Law §193 to recover earned but unpaid wages and liquidated damages. See *Pachter v. Bernard Hodes Group, Inc.*, 891 N.E.2d 279, 283, 285 (N.Y. 2008).  Here, Plaintiff's sole Labor Law claim is under Labor Law §191, which does not cover executives like Plaintiff.  For these reasons, Plaintiff's Labor Law minimum wage claims must be dismissed.

## CONCLUSION

Plaintiff's factual allegations regarding her FLSA and NYLL minimum wage claim fail to support a claim that Defendants were covered by or violated the FLSA or NYLL.  Plaintiff asserts nothing more than conclusory statements (many of which are simply restatements of law, rather than factual allegations) to support her FLSA and NYLL claims and thus fails to properly state a claim.  Therefore, Plaintiff's FLSA claims should be dismissed with prejudice, the balance of her claims dismissed with prejudice, and this case should be closed.


Dated:  New York, New York
        July 23, 2021

Respectfully submitted,

/s/ Isaac Myers III, Esq.
Curlew New York LLC
Attorney for Defendants
188 Grand Street, Ste. 337
New York, NY 10013
Isaac@CurlewLaw.com
Ph: (212) 804-8655

4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
JOHNNA L. AYRES,

                            Plaintiff,

      -against-

ROBERT J. SHIVER, ROBERT J. SHIVER, LLC
and PRUDENT REVERE CAPITAL GROUP, INC.

                          Defendants
-------------------------------------------------------------------x

CIVIL ACTION NO. 21 CV 0473
                 (ERK) (PK)

<u>Affirmation of Service</u>

       Isaac Myers III, an attorney admitted to practice before the Eastern District of New York, affirms the following under penalty of perjury:

1.  I am the attorney for the Defendants.

2   On the 23rd day of July, 2021, I served the annexed Reply Affirmation on counsel for the Plaintiff, The Wagner Law Group, P.C., by electronic mail to the following e-mail addresses: DGabor@wagnerlawgroup.com and KBrustowicz@wagnerlawgroup.com.

Dated: New York, NY
       July 23, 2021

                             Respectfully submitted,

                             _____
                             Isaac Myers III, Esq.
                             Curlew New York, LLC
                             188 Grand Street, Suite 337
                             New York, NY 10013
                             Ph: 212-804-8655
                             Isaac@CurlewLaw.com