UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Johnna L. Ayres,

                      Plaintiff,

– against –

Robert J. Shiver, Robert J. Shiver LLC, and Prudent Revere Capital Group, Inc.,

                      Defendants.

**NOT FOR PUBLICATION**

**MEMORANDUM & ORDER**

21-cv-473 (ERK) (PK)

KORMAN, *J*.:

Plaintiff Johnna L. Ayres brought claims under the Fair Labor Standards Act (FLSA) and New York Labor Law (NYLL) against defendants Robert J. Shiver, Robert J. Shiver LLC, and Prudent Revere Capital Group, Inc. for non-payment of wages and failure to pay minimum wage. Plaintiff's complaint alleges that she worked as Prudent Revere's Chief Operating Officer and Corporate Secretary beginning in 2019 through the fall of 2020, but never received her wages. Defendants move to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

## DISCUSSION

    I. *Standard of Review*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."

1

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted). "The court accepts all well-pleaded allegations in the complaint as true, drawing all reasonable inferences in the plaintiff's favor." *Operating Local 649 Annuity Tr. Fund v. Smith Barney Fund Mgmt. LLC*, 595 F.3d 86, 91 (2d Cir. 2010). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 113 (2d Cir. 2013) (quoting *Ashcroft*, 556 U.S. at 678).

    II. *Non-Payment of Wages (First and Second Causes of Action)*

Plaintiff asserts general "non-payment of wages" claims under both the FLSA and NYLL without citing any particular provision. ECF No. 7 at 3–5. "The principal congressional purpose in enacting the Fair Labor Standards Act of 1938 was to protect all covered workers from substandard wages and oppressive working hours." *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 739 (1981). "The FLSA statute requires payment of minimum wages and overtime wages only" and it "is unavailing where wages do not fall below the statutory minimum and hours do not rise above the overtime threshold." *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 201 (2d Cir. 2013). In other words, "the existence of the FLSA does not convert every suit involving the breach of any employment contract into a federal case." *Rogers v. City of Troy*, 148 F.3d 52, 57 (2d Cir. 1998). Plaintiff has failed to state a claim for "unpaid wages" under the

2

FLSA because the statute does not provide such a claim in the absence of a violation of its minimum wage or overtime provisions.

Like the FLSA, Article 6 of the NYLL is targeted at specific practices and provides no general cause of action for unpaid wages. Under that Article, "statutory remedies are unavailable where, as here, the claim for unpaid work is a common-law contractual remuneration claim and no substantive violation" of the law's provisions is alleged. *Kletter v. Fleming*, 32 A.D.3d 566, 567 (3d Dep't 2006) (internal quotation omitted). Plaintiff's complaint includes a blanket citation to all provisions contained in Article 6, but fails to allege a substantive violation of any of them. ECF No. 7 at 4.

In her opposition, plaintiff clarifies that she intended to assert violations of sections 191 and 193 of the NYLL. Section 191 regulates the frequency at which employers must pay wages, but that section expressly excludes persons "employed in a bona fide executive, administrative or professional capacity whose earnings are in excess of nine hundred dollars a week." N.Y. Labor Law §§ 190(7), 191(1)(d); *Pachter v. Bernard Hodes Grp., Inc.*, 10 N.Y.3d 609, 616 (2008). Plaintiff is just such an employee. She alleged that she worked as the COO and Corporate Secretary of the firm and that her "base salary alone amounts to $350,000 per year, a sum that is equivalent to over $6,700 per week." *Fetet v. Altice USA*, 2021 WL 2941917, at *6 (S.D.N.Y. July 12, 2021); ECF No. 7 ¶¶ 5, 10. Plaintiff's argument that she is

not an executive — because she earned less than $900 per week despite the terms of her contract as a result of defendants' alleged failure to pay her wages — is rejected as meritless. *See Danusiar v. Auditchain USA, Inc.*, 2020 WL 6126378, at *4, *8 (S.D.N.Y. Oct. 8, 2020) (rejecting same argument); *accord Altamirano v. Omni Childhood Ctr., Inc.*, 2012 WL 12535507, at *4 (N.Y. Sup. Ct. Dec. 19, 2012).

Plaintiff's section 193 claim fares no better. NYLL § 193(1)(b) prohibits employers from making deductions from wages without prior authorization by employees. But "[i]n order to state a claim for a violation of NYLL § 193, a plaintiff must allege a specific deduction from wages and not merely a failure to pay wages." *Goldberg v. Jacquet*, 667 F. App'x 313, 314 (2d Cir. 2016). Plaintiff has not done so. Her complaint describes a run-of-the-mill breach of contract dispute, but she fails to actually assert that cause of action.

### III. *Minimum Wage (Third and Fourth Causes of Action)*

Plaintiff also asserts minimum wage claims under both the FLSA and NYLL. Like the FLSA, the NYLL's minimum wage requirement is meant to ensure "that workers receive wages sufficient to provide adequate maintenance and to protect their health." *Andryeyeva v. N.Y. Health Care, Inc.*, 33 N.Y.3d 152, 164 (2019) (internal quotation omitted). Although plaintiff does not plead it, I take judicial notice of the fact that the current federal minimum wage is $7.25 an hour, 29 U.S.C. § 206(a)(1), which translates to just over $15,000 annually if an employee works 40-

hour weeks. The New York state-wide minimum wage was $11.10 when plaintiff allegedly began working for defendants, *see* N.Y. Labor Law § 652(1)(c), ECF No. 7 at 3 ¶ 15, for a total of approximately $23,000 per year in compensation. Plaintiff can only recover once under the greater of those two rates. *Galeana v. Lemongrass on Broadway Corp.*, 120 F. Supp. 3d 306, 316–17 (S.D.N.Y. 2014).

Plaintiff's complaint alleges that she was to be paid $350,000 with a bonus of up to $437,500, for a maximum annual compensation of nearly $800,000. ECF No. 7 at 3 ¶¶ 11–12. Thus, her maximum recovery of unpaid minimum wages at the state-wide NYLL rate represents approximately 3% of the maximum annual compensation she says she was due, or 6% if she qualifies for a liquidated damages award. *See Jian Hua Li v. Chang Lung Grp. Inc.*, 2020 WL 1694356, at *13 (E.D.N.Y. April 7, 2020). This is not a minimum wage case.

Even if this case did fit into the minimum wage protections of the FLSA or NYLL, plaintiff's complaint would still be deficient because it failed to plead information necessary to state a claim that she was not paid a wage in compliance with those laws. To state a minimum wage claim, plaintiff must allege that her "average hourly wage f[ell] below the federal minimum wage" or the New York equivalent. *Lundy*, 711 F.3d at 115. The regular hourly rate of pay "is determined by dividing [her] total remuneration . . . in any workweek by the total number of hours actually worked by [her] in that workweek." 29 C.F.R. § 778.109; 12

5

N.Y.C.R.R. § 146-3.5 (adopting a similar formula for NYLL claims); *see also Emily Wu v. Queens Blossom Corp.*, 2021 WL 2827309, at *11 (E.D.N.Y. July 7, 2021) (applying the New York formula). Plaintiff failed to allege how many hours she worked either overall or in any single workweek. She does not specify when her employment ended, alleging vaguely that she worked "from February 1, 2019 through the fall of 2020." ECF No. 7 at 3 ¶ 15.

Plaintiff also omits facts necessary to determine what minimum wage rate applied. Under New York law, the minimum wage can vary depending on where work was performed and how many people were employed by the firm. *See* N.Y. Labor Law § 652(1). Although plaintiff alleges that she lives in Brooklyn, ECF No. 7 at 1 ¶ 2, she specifies only that most of the work "was performed in New York." *Id.* at 2 ¶ 6. Plaintiff also fails to allege the number of people employed by Prudent Revere. The allegations missing from plaintiff's complaint make it impossible to calculate her average hourly wage to determine whether it fell below the statutory minimum wage. Accordingly, Plaintiff has failed to state a minimum wage violation under either the FLSA or NYLL.

## CONCLUSION

Defendants' motion to dismiss for failure to state a claim is granted. Plaintiff's complaint will be dismissed with prejudice unless she moves for leave to amend within thirty days.

                                        **SO ORDERED.**

                                       *Edward R. Korman*

Brooklyn, New York                             Edward R. Korman
August 6, 2021                                    United States District Judge