UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
JOHNNA L. AYRES,

                        Plaintiff,

  -against-

ROBERT J. SHIVER, ROBERT J. SHIVER, LLC
and PRUDENT REVERE CAPITAL GROUP, INC.

                       Defendants
-------------------------------------------------------------------x

CIVIL ACTION NO. 21 CV 0473
(ERK) (PK)

NOTICE OF MOTION TO
WITHDRAW AS COUNSEL

      Pursuant to Local Civil Rule 1.4 of the United States District Court for the Eastern District of New York, Curlew New York, LLC ("The Curlew Law Firm"), hereby moves to withdraw as counsel for Defendants in the above-captioned matter. A declaration in support of this motion is submitted herewith.

Dated: August 13, 2021
       New York, NY

                                                  Respectfully submitted,

                                                  Isaac Myers III
                                                  Curlew New York, LLC
                                                  188 Grand Street, Suite 337
                                                  New York, NY 10013
                                                  Ph: 212-804-8655
                                                  Isaac@CurlewLaw.com

To:
Robert Shiver, via e-mail
rjshiver@gmail.com
Robert.Shiver@RobertJShiverLLC.com

The Wagner Law Group, via e-mail
Counsel for the Plaintiff
DGabor@wagnerlawgroup.com
KBrustowicz@wagnerlawgroup.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
JOHNNA L. AYRES,

                Plaintiff,

  -against-

ROBERT J. SHIVER, ROBERT J. SHIVER, LLC
and PRUDENT REVERE CAPITAL GROUP, INC.

                Defendants
-----------------------------------------------------------------x

CIVIL ACTION NO. 21 CV 0473
           (ERK) (PK)

DECLARATION IN
SUPPORT OF MOTION TO
WITHDRAW AS COUNSEL

      Isaac Myers III, pursuant to 28 U.S.C. §1746, does hereby state under penalty of perjury that the foregoing is true and correct.

      1.     I am the principal attorney for Curlew New York, LLC ("The Curlew Law Firm"), and counsel of record for the Defendants in the above-captioned matter.

      2.     I submit this declaration in support of my motion to withdraw The Curlew Law Firm as counsel for the Defendants in the above-captioned matter.

      3.     As the Defendants have recently filed a fully briefed Motion to Dismiss and the Court has decided the motion, the Defendants have a reasonable amount of time to find substitute counsel.

      4.     This motion is being made at this time, as over the last three months, my ability to confer and represent the Defendants has been severely frustrated.

      5.     As the principal attorney of the Curlew Law Firm, I have, at all times, acted within the very best interest of representing the Defendants against the Plaintiff's claims.

6. Nonetheless, the main concerns that have rendered it nearly impossible for The Curlew Law Firm to continue representing the Defendants has been a repeated pattern of promised payments —— followed by delays; followed by promised payments —— followed by delays; and once again —— promised payments, followed by delays.

7. The Curlew Law Firm and the Defendants signed a retainer agreement ("the Retainer Agreement") in March of 2021; wherein, *inter alia,* The Curlew Law Firm agreed to represent the Defendants in the above-captioned action, and the Defendants agreed to pay the Curlew Law Firm a total of $12,000 in legal fees —— with payments of $1,500 due on the 15th day of each month, beginning with April 15 of 2021. *See Exhibit A.*

8. Shortly after signing the Retainer Agreement, I conferred with opposing counsel concerning the Defendants' planned motion to dismiss; and from there, a briefing schedule was set as follows: The Defendants' Affirmation in Support was to be served on or before May 14, 2021; the Plaintiff's Affirmation in Opposition was to be served by on or before June 18, 2021; and the Defendants' Affirmation in Reply was to be served by on or before July 9, 2021.

9. Although the Defendants made a payment of $1,500 on or around April 14, 2021; since that time, the Defendants have not made any other payments to The Curlew Law Firm.

10. Thus, the Defendants have not made payments which were due and owing on May 15, 2021, June 15, 2021; and July 15, 2021. Moreover, at this point, it seems highly unlikely that the Defendants will make the payment owed for August 15, 2021.

11. Nonetheless, as the principal attorney for The Curlew Law Firm, I have remained patient and accommodating with the Defendants, as the Defendant, Robert Shiver, has given repeated assurances that payments would be made in a timely fashion.

12. When the due dates for payments would approach and then pass, Mr. Shiver would offer apologies for the delay, but still, would give repeated assurances that payments would be made as soon as possible.

13. Nonetheless, the fact remains that the Defendants have not made a payment to The Curlew Law Firm since April 15, 2021, which is now almost four months ago.

14. Despite this, with the intention of being accommodating, and with the intention of offering the best representation possible to the Defendants, on or around July 7, 2021, I reached out to Plaintiff's Counsel, requesting that the date in which the Defendants' Reply Affirmation was to be served could be extended from July 9, 2021 to July 23, 2021.

15. I made this request because as of July 7, 2021, the Defendants had not made a payment to the Curlew Law Firm since April of 2021. I made this request because Mr. Shiver and I agreed that The Curlew Law Firm would only prepare and file the Defendants' Reply Affirmation if the Defendants would make at least two of the three outstanding payments that were owed to the Firm.

16. On July 22, 2021, one day before the Defendants' Affirmation in Reply was due, Mr. Shiver contacted me by phone and indicated the he would be able to make a payment of $2,700 to the Curlew Law Firm.

17. Although the $2,700 would not take care of the entire arrears that the Defendants owed to the Firm, I agreed that if Mr. Shiver would make a $2,700 payment, then The Curlew Law Firm would prepare, serve, and file the Defendants' Reply Affirmation.

18. Shortly after this phone conversation, Mr. Shiver sent to me, via e-mail, a screenshot, which suggested that a $2,700 payment had been sent to the Curlew Law Firm by an ACH transfer.

19. Relying on this screenshot, together with the assurances from Mr. Shiver that the $2,700 payment had been made, on July 23, 2021, the Curlew Law Firm did prepare and serve the Defendants' Reply Affirmation.

20. However, as of today, August 13, 2021, the $2,700 payment has not cleared or appeared in The Curlew Law Firm's business checking account.

21. Again, Mr. Shiver has expressed assurances that the monies should be arriving; however, all other times that I have received an ACH transfer in The Curlew Law Firm's business checking account, those monies have arrived within two or three business days, at the most.

22. I have real concerns that the $2,700 will never show up in The Curlew Law Firm's business checking account.

23. I also have real concerns that the Defendants will never catch up on the outstanding payments that are owed by the Defendants to the Curlew Law Firm.

24. Although I was personally hoping to represent the Defendants in this litigation, Mr. Shiver has shown me, time and again, that he is unable to make payments that are owed to the Firm in a timely fashion —— despite his repeated reassurances to the contrary.

25. This repeated pattern is not only frustrating, but it also makes it extremely difficult for me to determine what amount of time I can reasonably put into representing the Defendants in this matter.

26. The Curlew Law firm has other clients —— clients who make their payments for legal fees in a timely fashion, and clients who the Firm has promised its time, resources, knowledge, and expertise to.

27. Having a client who repeatedly promises that payments will be made, but who does not actually make those payments, not only makes it difficult to represent that client, but also adversely affects the Firm's ability to represent its other clients.

28. Accordingly, and for all of the reasons stated above, I do not believe that I can represent the Defendants in this lawsuit in accordance with The Curlew Law Firm's professional obligations.

29. Therefore, I respectfully request permission to withdraw as counsel of record in this action. I make this request, especially, as withdrawing at this time will not harm the client, as the Defendants' Motion to Dismiss has been decided by the Court.

30. The Curlew Law firm also seeks to assert a retaining lien, if only to secure payment of the Defendants' outstanding legal fees as some point in the future.

31. A copy of this Notice of Motion to Withdraw as Counsel by The Curlew Law Firm, together with this accompanying Declaration, was sent to the Defendants, as well as to the Plaintiff's Counsel, via e-mail.

32. I an not aware of any other means by which I might notify the Defendants of The Curlew Law Firms Motion to Withdraw as Counsel.

Respectfully submitted,

_____

Isaac Myers III
Curlew New York, LLC
188 Grand Street, Suite 337
New York, NY 10013
Ph: 212-804-8655
Isaac@CurlewLaw.com