**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------X  Docket N0. 21-cv-00473 (ERK)(PK)
JOHNNA L. AYRES,

                    Plaintiff,

         -   Against –

ROBERT J. SHIVER, ROBERT J. SHIVER LLC,
and PRUDENT REVERE CAPITAL GROUP, INC.,

                    Defendants.
-----------------------------------------------------------------X

## DECLARATION OF DAVID G. GABOR

DAVID GABOR, declares under penalty of perjury:

1.     I am a Partner at the Wagner Law Group, P.C.

2.     I represent Plaintiff, Johnna Ayres, in the above-captioned matter.

3.     This Declaration is offered in support of Plaintiff's Motion for Leave to Amend her Complaint.

4.     Annexed hereto as **Exhibit A** is Plaintiff's Proposed Second Amended Complaint and Jury Demand.

5.     I declare under penalty of perjury that the foregoing is true and correct.

**Dated**: September 1, 2021

                                       _____
                                       DAVID G. GABOR

Exhibit A

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------X   Docket Number: 1:21-cv-00473
JOHNNA L. AYRES,

                       Plaintiff,

           -   Against –

ROBERT J. SHIVER, ROBERT J. SHIVER LLC,
and PRUDENT REVERE CAPITAL GROUP, INC.,

                      Defendants.
-----------------------------------------------------------------------X

## PLAINTIFF'S PROPOSED SECOND AMENDED COMPLAINT AND JURY TRIAL

## DEMAND

       Plaintiff, by her attorneys, The Wagner Law Group, P.C., as and for her Second

Amended Complaint and Jury Demand, respectfully alleges as follows:

## NATURE OF THE ACTION

       1.      This is an action arising out of the Defendants' willful violations of Plaintiff's

rights under the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201 *et seq*., and The New York

Labor Law ("NYLL") N.Y. Lab. Law, Article 6 *et seq*. including § 195.  Defendants' failure to

pay minimum wage, failure to pay wages, bonus, and benefits, failing to provide accurate

statements of wages, and breach of contract have caused the Plaintiff to suffer significant

financial harm.

## THE PARTIES AND JURISDICTION

       2.      Plaintiff, Johnna Ayres (hereinafter "Ayres"), is an individual domiciled in the

State of New York and in Kings County.

3.     At all relevant times, Defendant, Robert J. Shiver (hereinafter "Shiver"), is an individual domiciled in the State of New Jersey; he has recently relocated to Southern Florida. Shiver is the Chairman and Chief Executive Officer ("CEO") of Defendant corporation Robert J. Shiver, LLC, and is the Chairman and CEO of Defendant corporation Prudent Revere Capital Group, Inc.

4.     Defendant, Robert J. Shiver, LLC (hereinafter "Shiver LLC") is a corporation that was incorporated in the state of Delaware in 2013 and was registered as a Foreign LLC in Ohio in 2015. Upon information and belief, Shiver LLC is the parent holding company for Prudent Revere Capital Group, Inc.

5.     Defendant, Prudent Revere Capital Group, Inc. (hereinafter "Prudent") is a corporation incorporated in the State of Delaware and has its principal place of business in the state of New Jersey. Upon information and belief, Prudent is a wholly owned subsidiary of Shiver LLC. Prudent employed Ayres as its Chief Operating Officer and its Secretary. At all relevant times Prudent employed fewer than 11 employees.

6.     The majority of the work performed by Ayres for Defendants was performed in the state of New York in Brooklyn.

7.     The Eastern District of New York has proper subject matter jurisdiction pursuant to the provisions of the Fair Labor Standards Act of 1938 ("FLSA"). This court also has proper diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332. The amount in controversy has been met as has the diversity of citizenship requirement.

## BACKGROUND

8.     Ayres began to work for Shiver LLC as its Chief Operating Officer ("COO") on February 1, 2019.

9.      Shiver signed an employment agreement that was dated June 5, 2019, (the "Agreement").  A true and accurate copy of the Agreement is set forth as **Attachment A**.

10.     The Agreement makes clear that the Defendants would pay Ayres $350,000.00 per year to work as the COO.

11.     The Agreement provides that Ayres' annual salary of $350,000.00 was to be paid bi-weekly and was retroactive to February 1, 2019.

12.     In addition, the Agreement guaranteed a bonus of no less than 80% of the annual salary and as much as 125% of the annual salary.

13.     The bonus was to have been paid in July 2020.

14.     The Agreement also described Ayres' entitlement to equity interest, benefits, and participation in a 401(k) plan.

15.     In reliance upon a verbal offer, Ayres began to work for the Defendants on February 1, 2019. In reliance on that offer and the Agreement, Ayers continued to work until September 15, 2020.  The majority of time was spent working in Brooklyn, New York.

16.     A true and accurate recapitulation of the hours Ayres worked is set forth in **Attachment B**.

17.     Ayres has made repeated requests to be paid the wages, bonus, and benefits that she is owed.

18.     The only wages that Ayres has received totaled $19,230.75.  That was paid in the spring and summer of 2020 as part of a loan as a result of the pandemic.  True and accurate copies of the paystubs are set forth as **Attachment C**.

19.     Shiver has also failed to pay Ayres' guaranteed bonus.

20.     Ayres is owed $552,769.25 based upon the fact that she should have received $572,000 but only received $19,230.75.

21.     Ayres is owed $280,000 for the unpaid bonus. Pursuant to the terms of the Agreement, the bonus could be as much of $437,500.

22.     Ayres is owed an amount as yet to be determined for unpaid benefits, including failing to enroll Ayres in a 401k or equivalent retirement plan, health plan, dental plan, and vision plan.

23.     As a result of Defendants' failure and refusal to pay wage, the bonus, and benefits, Ayres has been caused to retain counsel.

24.     Shiver never terminated Ayres. The last date that she performed services was on September 15, 2020.

25.     Ayres has made multiple verbal and written requests to be repaid the money that she lent to the Defendants for business expenses.

26.     Shiver has never disputed that Ayres is owed this money.


### FIRST CAUSE OF ACTION: NON-PAYMENT OF WAGES UNDER THE FLSA

27.     Ayres realleges and incorporates by reference each and every one of the allegations contained in paragraphs "1" through "26" as if set forth again herein.

28.     At all relevant times, Robert J. Shiver was Ayres' employer.

29.     Shiver controlled when and how employees were paid.

30.     Shiver controlled the books and banking accounts of Shiver LLC and Prudent.

31.     At all relevant times, Ayres performed her work fully and faithfully.

32.     The Defendants performed work in New York, New Jersey, Florida, and several other states.

33. The work performed by the companies had an impact on interstate commerce.

34. The Defendants have failed to pay Ayres the wages Defendants agreed to pay from the effective date of Ayres' employment agreement, February 1, 2019 to present.

35. As a result of the willful violation of the FLSA by Defendants, Ayres has been financially harmed.

36. Ayres is entitled to recover from Defendants, jointly and severally, unpaid compensation and an equal amount in the form of liquidated damages, reasonable attorneys' fees and costs of the action, including prejudgment interest, pursuant to the FLSA, all in an amount to be determined at trial, pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION: NON-PAYMENT OF WAGES UNDER THE NEW YORK LABOR LAW (N.Y. Lab. Law Article 6 §§ 190 to 199A)

37. Ayres realleges and incorporates by reference each and every one of the allegations contained in paragraphs "1" through "36" as if set forth again herein.

38. At all relevant times, Defendants were employers of Ayres.

39. At all relevant times, Ayres performed her work fully and faithfully.

40. The Defendants have failed to pay Ayres her wages from the effective date of her employment agreement, February 1, 2019 to present.

41. The Defendants have willfully failed to pay the agreed upon wages due as set forth in the preceding paragraphs of this Complaint to Ayres in violation of the NYLL §§ 190 *et seq*.

42. As a result of the willful violation of the NYLL by Defendants, Ayres has been financially harmed.

43. Ayres is entitled to recover from Defendants, jointly and severally, unpaid compensation and an equal amount in the form of liquidated damages, reasonable attorneys' fees and costs of the action, including prejudgment interest, pursuant to the NYLL, all in an amount to be determined at trial.

## THIRD CAUSE OF ACTION: FAILURE TO PAY MINIMUM WAGE UNDER THE FLSA

44. Ayres realleges and incorporates by reference each and every one of the allegations contained in paragraphs "1" through "43" as if set forth again herein.

45. For certain weeks during Ayres' employment, Defendants did not pay her the minimum wage required by law.

46. The FLSA requires that wages be paid promptly on regular payment dates.

47. Defendants violated the FLSA by failing to pay minimum wages to Ayres.

48. Defendants further violated the FLSA by failing to pay wages promptly on regular payment dates.

49. Ayres worked 1,369 hours from February 1, 2019-December 30, 2019 during which time the New York City minimum wage was $13.50 per hour. She is owed minimum wages of $18,481.50 for this work.

50. Ayres worked 928 hours from December 31, 2019-September 15, 2020 during which time the New York City minimum wage was $15.00 per hour. She is owed minimum wages of $13,920.00 for this work.

51. Her total hours worked were 2,297 hours and the total minimum wages due is $32,401.50.

52.     On information and belief, Defendants' failure to pay minimum wages and failure to pay wages promptly was done knowingly.

53.     Defendants are liable to Ayres under the FLSA for her unpaid wages, plus an additional amount as liquidated damages, interest, reasonable attorneys' fees and costs, and any such other and further relief as is deemed appropriate by this Honorable Court.

## FOURTH CAUSE OF ACTION: FAILURE TO PAY MINIMUM WAGE UNDER NYLL §§ 650 TO 665

54.     Ayres realleges and incorporates by reference each and every one of the allegations contained in paragraphs "1" through "53" as if set forth again herein.

55.     For certain weeks during Ayres' employment, Defendants did not pay her the minimum wage as required by New York law

56.     Defendants violated the Minimum Wage Act of the NYLL by failing to pay minimum wages to Ayres.

57.     Defendants are liable to Ayres, under the NYLL for her unpaid wages, plus an additional amount as liquidated damages, interest, reasonable attorneys' fees and costs, and any such other and further relief as is deemed appropriate by this Honorable Court.

## FIFTH CAUSE OF ACTION: BREACH OF CONTRACT

58.     Ayres realleges and incorporates by reference each and every one of the allegations contained in paragraphs "1" through "57" as if set forth again herein.

59.     Ayres entered into an employment agreement with Robert J. Shiver, LLC and Shiver.

57.     In accordance with the terms of the employment agreement, the Defendants agreed to provide the following consideration to Ayres:

- An annual salary of $350,000 paid bi-weekly, retroactive to February 1, 2019;

- An annual bonus of between 80% to 125% of Ayres' annual salary which was $350,000. The bonus should have been not less than $280,000 and could be as much as $437,500;

- A 10% equity stake in RJS LLC vesting over time;

- 5% of Founders Ownership vested immediately;

- Benefits including health care, dental, vision, and 401k or equivalent; and

58. In reliance upon the verbal offer, Ayres began to work for the Defendants on February 1, 2019.

59. The verbal offer was reduced to a written agreement signed by Robert Shiver and dated June 5, 2019. Ayres continued to work through September 15, 2020.

60. The only compensation that Ayres received was approximately $19,230.75. This was through the PPP loan program.

61. Based upon Ayres' contracts claims, the Defendants have breached the Agreement by:

- Ayres should have received $572,000 but only received $19,230.75 in annual pay. The shortfall is $552,769.25;

- Ayres never received the bonuses for 2019 and 2020 which should have been no less than $560,000;

- Ayres never received the equity stake or the Founders Ownership;

- Ayres was never covered under a health, dental, or vision insurance plan;

- Ayres was never offered an opportunity to enroll in a 401k or equivalent retirement plan;

- Ayres was not reimbursed for travel or other expenses.

62.    Ayres repeatedly requested payments from Robert J. Shiver.

63.    The amount of damages are an amount no less than $1,250,000.00 for her unpaid salary, bonus, and benefits, exclusive of liquidated damages, and counsel fees.

## SIXTH CAUSE OF ACTION: LABOR LAW VIOLATION

64.    Ayres realleges and incorporates by reference each and every one of the allegations contained in paragraphs "1" through "63" as if set forth again herein.

65.    N.Y. Labor Law §195(3) directs employers to furnish employees with a statement with every payment of wages that includes:

> the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage.

66.    The wage statements were issued by Prudent Revere Capital Group Inc. and not Robert J. Shiver, LLC. The wage statements do not include the phone number or the correct bi-weekly pay that the Defendants were contracted to pay to her. The wage statements do not include the name, address, or phone number of her actual employer. They fail to include the basis of the payments made to her. Ayres' bi-weekly wage should have been a gross $13,4615.38 and not the gross pay of $3,846.15 as listed on the wage statement. The Defendants do not explain how they arrived at this amount. No indication of how the number was calculated has been provided.

67.    As a result thereof, Ayres has been caused to suffer damages.

## DEMAND FOR TRIAL BY JURY

68.     Ayres demands trial by jury.

**WHEREFORE**, Ayres demands judgment as follows:

    a.   Awarding damages for unpaid wages in the sum of $552,769.25 ($572,000 less the $19,230.75 received through the PPP loan program);

    b.   Awarding damages for failing to pay the bonus in the sum of $560,000 for 2019 and 2020;

    c.   Awarding $32,401.50 in minimum wage payments due;

    d.   Awarding double damages under the NYLL;

    e.   Awarding damages arising out of Defendants' failure to provide benefits as agreed and as mandated under state and federal law;

    f.   Awarding costs and reasonable attorneys' fees;

    g.   Awarding pre-judgment and post-judgment interest;

    h.   Statutory penalty for failure to pay wages;

    i.   $20,000 for violation of N.Y. Labor Law §195(3); and

    j.   Awarding all other damages are remedies as this Court deems just and proper.

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**Dated**:  September 1, 2021

Very Truly Yours,

_____

THE WAGNER LAW GROUP, P.C.
***Attorney for Plaintiff***
David G. Gabor, Esq.
125 High Street, Oliver St. Tower, 5th Floor
Boston, MA 02110
Telephone: (617) 532-8035
Dgabor@wagnerlawgroup.com
Facsimile: (617) 357-5250

ATTACHMENT A



Mr. Robert J Shiver
5907 Turin Street
Coral Gables, FL 33146

ROBERT J SHIVER, LLC

June 5, 2019

Dear Ms. Johnna Ayres,

I am pleased to offer you the position of Chief Operating Officer ("COO") of Robert J Shiver, LLC ("RJS LLC"). The COO position is a full-time position with an immediate start date. The position carries an annual salary of $350,000 paid bi-weekly and retroactive to February 1, 2019.

You will also receive an annual bonus equivalent to your annual salary calculated within a range between 80% to 125% given company performance and achievement of personal business targets. The bonus will be paid out in July 2020.

Included with your employment is a 10% equity stake in RJS LLC equally vested over 5 years contingent upon employment in good standing. You will also receive 5% of Founders Ownership vested immediately.

The position also carries a full suite of benefits paid for by RJS LLC including health care, dental, vision, and 401k plan or equivalent. You will also receive 4 weeks vacation along with standard US recognized holidays.

As COO, travel is expected with your position to meet business partners and clients helping RJS LLC assess business deals and new opportunities. All travel expenses will be reimbursed.

Johnna, I officially welcome you to RJS LLC and look forward to building a robust business and comprehensive portfolio with you and the team.

Sincerely,

Robert J Shiver, Chairman
Robert J Shiver, LLC
Prudent Revere Limited

ATTACHMENT B

| Date Range | Hours Worked |
|---|---|
| 2/1/2019 - 2/28/2019 | 160 |
| 3/1/2019 - 3/3/2019 | 15 |
| 3/4/2019 - 3/10/2019 | 25 |
| 3/11/2019 - 3/17/2019 | 30 |
| 3/18/2019 - 3/24/2019 | 35 |
| 3/25/2019 -3/31/2019 | 45 |
| 4/1/2019 - 4/7/2019 | 22 |
| 4/8/2019 - 4/14/2019 | 25 |
| 4/15/2019 - 4/21/2019 | 35 |
| 4/22/2019 - 4/28/2019 | 40 |
| 4/29/2019 - 5/5/2019 | 25 |
| 5/6/2019 - 5/12/2019 | 25 |
| 5/13/2019 - 5/19/2019 | 40 |
| 5/20/2019 - 5/26/2019 | 25 |
| 5/27/19 - 6/2/2019 H | 38 |
| 6/3/19 - 6/9/2019 | 20 |
| 6/10/2019 - 6/16/2021 | 22 |
| 6/17/2019 - 6/23/2019 | 27 |
| 6/24/2019 - 6/30/2019 | 27 |
| 7/1/2019 - 7/7/2019 H/V1 | 30 |
| 7/8/2019 -7/14/2019 | 25 |
| 7/15/2019 - 7/21/2019 | 15 |
| 7/22/2019 -7/28/2019 | 50 |
| 7/29/2019 - 8/4/2019 | 30 |
| 8/5/2019 - 8/11/2019 V WK | 40 |
| 8/12/2019 - 8/18/2019 | 30 |
| 8/19/2019 - 8/25/2019 | 30 |
| 8/26/2019 - 9/1/2019 | 30 |
| 9/2/2019 - 9/9/2019 H | 28 |
| 9/9/2019 - 9/15/2019 | 25 |
| 9/16/2019 - 9/22/2019 | 30 |
| 9/23/2019 - 9/29/2019 | 25 |
| 9/30/2019 - 10/6/2019 | 25 |
| 10/7/2019 - 10/13/2019 V1 | 28 |
| 10/14/2019 - 10/20/2019 V WK | 40 |
| 10/21/2019 - 10/27/2019 | 10 |
| 10/28/2019 - 11/3/2019 | 20 |
| 11/4/2019 -11/10/2019 | 15 |
| 11/11/2019 - 11/17/2019 | 30 |
| 11/18/2019 - 11/24/2019 | 15 |
| 11/25/2019 - 12/1/2019 H | 12 |
| 12/2/2019 - 12/8/2019 | 5 |
| 12/9/2019 - 12/15/2019 | 30 |
| 12/16/2019 - 12/22/2019 | 30 |
| 12/23/2019 - 12/29-2019 V WK H | 40 |

| | |
|---|---|
| 12/30/2019 - 1/5/2020 H'20 | 38 |
| 1/6/2020 - 1/12/2020 | 10 |
| 1/13/2020 - 1/19/2020 S | 40 |
| 1/20/2020 - 1/26/2020 H | 15 |
| 1/27/2020 - 2/2/2020 | 5 |
| 2/3/2020 -2/9/2020 | 5 |
| 2/10/2020 - 2/16/2020 S | 40 |
| 2/17/2020 - 2/23/2020 H | 12 |
| 2/24/2020 - 3/1/2020 | 15 |
| 3/2/2020 - 3/8/2020 | 15 |
| 3/9/2020 - 3/15/2020 | 30 |
| 3/16/2020 - 3/22/2020 | 20 |
| 3/23/2020 - 3/29/2020 | 25 |
| 3/30/2020 - 4/5/2020 | 25 |
| 4/6/2020 - 4/12/2020 | 25 |
| 4/13/2020 - 4/19/2020 | 25 |
| 4/20/2020 - 4/27/2020 | 25 |
| 4/27/2020 - 5/3/2020 | 25 |
| 5/4/2020 - 5/10/2020 V5 WK | 40 |
| 5/11/2020 - 5/17/2020 | 20 |
| 5/18/2020 - 5/24/2020 | 20 |
| 5/25/2020 - 5/31/2020 H | 28 |
| 6/1/2020 - 6/7/2020 | 35 |
| 6/8/2020 - 6/14/2020 | 30 |
| 6/15/2020 - 6/21/2020 | 30 |
| 6/22/2020 - 6/28/2020 | 35 |
| 6/29/2020 - 7/5/2020 H | 30 |
| 7/6/2020 - 7/12/2020 | 20 |
| 7/13/2020 - 7/19/2020 | 30 |
| 7/20/2020 -7/26/2020 | 30 |
| 7/27/2020 - 8/2/2020 | 30 |
| 8/3/2020 - 8/9/2020 | 20 |
| 8/10/2020 - 8/16/2020 V5 WK | 40 |
| 8/17/2020 - 8/23/2020 | 10 |
| 8/24/2020 - 8/31/2020 V3 | 25 |
| 9/1/2020-9/7/2020 | 30 |
| 9/8/2020-9/15/2020 | 30 |

**Total Hours: 2297**

ATTACHMENT C

Prudent Revere Capital Group Inc
20 Pine Street
New York, NY 10005

# Earnings Statement



Period Starting:     05/14/2020
Period Ending:      05/27/2020
Pay Date:              05/28/2020

Business Phone:     917-302-0296

Taxable Filing Status: Married
Exemptions/Allowances:
    Federal:      Std W/H Table
    State:           15
    Local:           15
Social Security Number:XXX-XX-XXXX

Tax Override:
    Federal:      15.00 Addnl
    State:
    Local:

Johnna L Ayres
135 Willow Street #209
Brooklyn, NY 11201

| Earnings | rate | hours/units | this period | year to date |
|---|---|---|---|---|
| Regular | | 0.00 | 3846.15 | 3846.15 |
| **Gross Pay** | | | **$3,846.15** | $3,846.15 |

| Statutory Deductions | this period | year to date |
|---|---|---|
| Federal Income | -346.88 | 346.88 |
| Social Security | -238.46 | 238.46 |
| Medicare | -55.77 | 55.77 |
| New York State Income | -170.43 | 170.43 |
| New York Paid Family Leave | -10.38 | 10.38 |
| New York City R Local | -117.88 | 117.88 |

| Voluntary Deductions | this period | year to date |
|---|---|---|
| New York voluntary disability | -1.20 | 1.20 |

| **Net Pay** | **$2,905.15** |
|---|---|

| Deposits account number | transit/ABA | amount |
|---|---|---|
| XXXXXX3665 | XXXXXXXXX | 2905.15 |

Your federal taxable wages this period are  $3,846.15

---

Prudent Revere Capital Group Inc
20 Pine Street
New York, NY 10005

**Pay Date:**          05/28/2020

| Deposited to the account | account number | transit/ABA | amount |
|---|---|---|---|
| Checking DirectDeposit | XXXXXX3665 | XXXXXXXXX | 2905.15 |

THIS IS NOT A CHECK

Johnna L Ayres
135 Willow Street #209
Brooklyn, NY 11201

# Earnings Statement



Prudent Revere Capital Group Inc
20 Pine Street
New York, NY 10005

Period Starting:      05/28/2020
Period Ending:       06/10/2020
Pay Date:               06/11/2020

Business Phone:     917-302-0296

Taxable Filing Status: Married
Exemptions/Allowances:                        Tax Override:
   Federal:      Std W/H Table            Federal:      15.00 Addnl
   State:           15                               State:
   Local:           15                               Local:
Social Security Number:XXX-XX-XXXX

Johnna L Ayres
135 Willow Street #209
Brooklyn, NY 11201

| Earnings | rate | hours/units | this period | year to date |
|---|---|---|---|---|
| Regular | | 0.00 | 3846.15 | 7692.30 |
| **Gross Pay** | | | **$3,846.15** | 7,692.30 |

| Statutory Deductions | this period | year to date |
|---|---|---|
| Federal Income | -346.88 | 693.76 |
| Social Security | -238.46 | 476.92 |
| Medicare | -55.77 | 111.54 |
| New York State Income | -170.43 | 340.86 |
| New York Paid Family Leave | -10.38 | 20.76 |
| New York City R Local | -117.88 | 235.76 |

| Voluntary Deductions | this period | year to date |
|---|---|---|
| New York voluntary disability | -1.20 | 2.40 |
| **Net Pay** | **$2,905.15** | |

| Deposits account number | transit/ABA | amount |
|---|---|---|
| XXXXXX3665 | XXXXXXXXX | 2905.15 |

Your federal taxable wages this period are  $3,846.15

Prudent Revere Capital Group Inc
20 Pine Street
New York, NY 10005

**Pay Date:**          06/11/2020

| Deposited to the account | account number | transit/ABA | amount |
|---|---|---|---|
| Checking DirectDeposit | XXXXXX3665 | XXXXXXXXX | 2905.15 |

THIS IS NOT A CHECK

Johnna L Ayres
135 Willow Street #209
Brooklyn, NY 11201

# Earnings Statement

**ADP**

Prudent Revere Capital Group Inc
20 Pine Street
New York, NY 10005

Period Starting: 06/11/2020
Period Ending: 06/24/2020
Pay Date: 06/25/2020

Business Phone: 917-302-0296

Taxable Filing Status: Married
Exemptions/Allowances:

| | | Tax Override: | |
|---|---|---|---|
| Federal: | Std W/H Table | Federal: | 15.00 Addnl |
| State: | 15 | State: | |
| Local: | 15 | Local: | |

Social Security Number: XXX-XX-XXXX

**Johnna L Ayres**
**135 Willow Street #209**
**Brooklyn, NY 11201**

| Earnings | rate | hours/units | this period | year to date |
|---|---|---|---|---|
| Regular | | 0.00 | 3846.15 | 11538.45 |
| **Gross Pay** | | | **$3,846.15** | $11,538.45 |

| Statutory Deductions | this period | year to date |
|---|---|---|
| Federal Income | -346.88 | 1040.64 |
| Social Security | -238.46 | 715.38 |
| Medicare | -55.77 | 167.31 |
| New York State Income | -170.43 | 511.29 |
| New York Paid Family Leave | -10.38 | 31.14 |
| New York City R Local | -117.88 | 353.64 |

| Voluntary Deductions | this period | year to date |
|---|---|---|
| New York voluntary disability | -1.20 | 3.60 |

| **Net Pay** | **$2,905.15** |
|---|---|

| Deposits account number | transit/ABA | amount |
|---|---|---|
| XXXXXX3665 | XXXXXXXXX | 2905.15 |

Your federal taxable wages this period are $3,846.15

Prudent Revere Capital Group Inc
20 Pine Street
New York, NY 10005

**Pay Date:** 06/25/2020

| Deposited to the account | account number | transit/ABA | amount |
|---|---|---|---|
| Checking DirectDeposit | XXXXXX3665 | XXXXXXXXX | 2905.15 |

THIS IS NOT A CHECK

Johnna L Ayres
135 Willow Street #209
Brooklyn, NY 11201

# Earnings Statement



Prudent Revere Capital Group Inc
20 Pine Street
New York, NY 10005

Period Starting:     06/25/2020
Period Ending:      07/08/2020
Pay Date:             07/09/2020

Business Phone:    917-302-0296

Taxable Filing Status: Married
Exemptions/Allowances:              Tax Override:
  Federal:    Std W/H Table         Federal:    15.00 Addnl
  State:       15                        State:
  Local:       15                        Local:
Social Security Number:XXX-XX-XXXX

Johnna L Ayres
135 Willow Street #209
Brooklyn, NY 11201

| Earnings | rate | hours/units | this period | year to date |
|---|---|---|---|---|
| Regular | | 0.00 | 3846.15 | 15384.60 |
| **Gross Pay** | | | **$3,846.15** | $15,384.60 |

| Statutory Deductions | this period | year to date |
|---|---|---|
| Federal Income | -346.88 | 1387.52 |
| Social Security | -238.47 | 953.85 |
| Medicare | -55.77 | 223.08 |
| New York State Income | -170.43 | 681.72 |
| New York Paid Family Leave | -10.38 | 41.52 |
| New York City R Local | -117.88 | 471.52 |

| Voluntary Deductions | this period | year to date |
|---|---|---|
| New York voluntary disability | -1.20 | 4.80 |
| **Net Pay** | **$2,905.14** | |

| Deposits account number | transit/ABA | amount |
|---|---|---|
| XXXXXX3665 | XXXXXXXXX | 2905.14 |

Your federal taxable wages this period are  $3,846.15

Prudent Revere Capital Group Inc
20 Pine Street
New York, NY 10005

**Pay Date:**          07/09/2020

| Deposited to the account | account number | transit/ABA | amount |
|---|---|---|---|
| Checking DirectDeposit | XXXXXX3665 | XXXXXXXXX | 2905.14 |

THIS IS NOT A CHECK

Johnna L Ayres
135 Willow Street #209
Brooklyn, NY 11201

# Earnings Statement



Prudent Revere Capital Group Inc
20 Pine Street
New York, NY 10005

Period Starting: 07/09/2020
Period Ending: 07/22/2020
Pay Date: 07/23/2020

Business Phone: 917-302-0296

Taxable Filing Status: Married
Exemptions/Allowances:        Tax Override:
  Federal:  Std W/H Table      Federal:  15.00 Addnl
  State:  15            State:
  Local:  15            Local:
Social Security Number:XXX-XX-XXXX

**Johnna L Ayres**
**135 Willow Street #209**
**Brooklyn, NY 11201**

| Earnings | rate | hours/units | this period | year to date |
|---|---|---|---|---|
| Regular | | 0.00 | 3846.15 | 19230.75 |
| **Gross Pay** | | | **$3,846.15** | $19,230.75 |

| Statutory Deductions | this period | year to date |
|---|---|---|
| Federal Income | −346.88 | 1734.40 |
| Social Security | −238.46 | 1192.31 |
| Medicare | −55.77 | 278.85 |
| New York State Income | −170.43 | 852.15 |
| New York Paid Family Leave | −10.38 | 51.90 |
| New York City R Local | −117.88 | 589.40 |

| Voluntary Deductions | this period | year to date |
|---|---|---|
| New York voluntary disability | −1.20 | 6.00 |

| **Net Pay** | **$2,905.15** |
|---|---|

| Deposits account number | transit/ABA | amount |
|---|---|---|
| XXXXXX3665 | XXXXXXXXX | 2905.15 |

Your federal taxable wages this period are  $3,846.15

Prudent Revere Capital Group Inc
20 Pine Street
New York, NY 10005

**Pay Date:**          07/23/2020

| Deposited to the account | account number | transit/ABA | amount |
|---|---|---|---|
| Checking DirectDeposit | XXXXXX3665 | XXXXXXXXX | 2905.15 |

THIS IS NOT A CHECK

Johnna L Ayres
135 Willow Street #209
Brooklyn, NY 11201