**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**-------------------------------------------------------X**     CIVIL ACTION NO. 21 CV 0473
**JOHNNA L. AYRES,**                                                 (ERK)(PK)

                                                             **DEFENDANTS'**
                                                             **MEMORANDUM**
                                 Plaintiff,               **OF LAW IN SUPPORT**

                         -against-

ROBERT J. SHIVER, ROBERT J. SHIVER, LLC,
and PRUDENT REVERE CAPITAL GROUP, INC.,


                                 Defendants.
**-------------------------------------------------------X**




**LAW OFFICE OF DAVID WIMS**
**David C. Wims, Esq.**
*Attorneys for Defendants*
**1430 Pitkin Avenue, 2nd Floor**
**Brooklyn, New York 11233**
**(646) 393-9550**
**Fax (646) 393-9552**
**dwims@wimslaw.com**

## PRELIMINARY STATEMENT

The instant action is before this Court on Defendants' motion to dismiss Plaintiff's Second Amended Complaint ("SAC") in its entirety pursuant to Fed. R. Civ. P. Rule 12(b)(6) for failure to state a claim and resultant want of subject matter jurisdiction. Defendants submit a *Notice of Motion*, defense counsel's *Declaration* and this *Memorandum of Law* in support of their motion. Defendants allege that Plaintiff's sole federal claim fails to entitle it to any relief at law for lack of required specificity in the pleading.

Plaintiff alleges insufficiently pleaded violations of the minimum wage provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*; and the New York Labor Law ("NYLL") §§ 650 *et seq*. SAC ¶¶35-52. Both of Plaintiff's minimum wage claims fail because clear Circuit precedent establishes that Plaintiff must specifically plead some amount of uncompensated or undercompensated work in a given workweek in the Complaint. In the absence of federal question jurisdiction, the Court should abstain from exercising pendent jurisdiction over Plaintiff's state law claims, and dismiss this action. For the following reasons, Defendants' motion to dismiss should be granted in its entirety.

## FACTS

With express reservation of all rights, and solely for the purpose of the instant motion, Defendants respectfully refer the Court to the SAC in this matter for a recitation of the alleged, relevant facts.

## PROCEDURAL POSTURE

On January 28, 2021, this action was filed by Plaintiff seeking damages for alleged underpayment of minimum wage and contractually agreed wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq* and the New York Labor Law ("NYLL") §§ 650 *et seq*.

See Docket #1. On March 11, 2021, Plaintiff filed a First Amended Complaint ("FAC"). See Docket #7. Defendants moved to dismiss the FAC for failure to state a claim on May 14, 2021. See Docket ##12, 15. On August 6, 2021, this Court granted Defendants' motion to dismiss for failure to state a claim and granted Plaintiff leave to replead. Docket #17.

Thereafter, Plaintiff filed a SAC on September 16, 2021. See Docket #24. After substitution of defense counsel, Defendants now bring the instant motion in response to the SAC.

In the order in which they are presented in Plaintiff's SAC, Plaintiff's causes of action are: 1) alleged unpaid minimum wages under the FLSA; 2) alleged unpaid minimum wages under the NYLL; 3) alleged breach of contract; 4) alleged non-compliant pay stubs or statements under the NYLL § 195. See SAC ¶¶35-71.

## LEGAL STANDARDS

*A. Procedural*

Under Rule 8, a pleading "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). For nearly fifty years, a complaint failed to state a claim only where "'it appear[ed] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *In re Air Cargo Shipping Svcs. Antitrust Litig.*, 2010 WL 10947344, at *5 (E.D.N.Y. Sept. 22, 2010) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)) (alterations in original). Then, in *Bell Atlantic Corp v. Twombly*, the Supreme Court abrogated the "no set of facts" pleading standard in favor of the facial "plausibility standard." 550 U.S. 544, 570 (2007). Under *Twombly*, to satisfy Rule 8's plausibility standard, a pleading's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 555.

The Supreme Court elaborated on "facial plausibility" in *Aschroft v. Iqbal*, explaining that a pleading must provide factual allegations that allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." 556 U.S. 662, 678 (2009). Fleshing out this standard further, the *Iqbal* Court explained that Rule 8 requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 678. "Although 'detailed factual allegations' are not required, '[a] pleading that offers 'labels and conclusions,' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Cain v. Rambert*, 2013 WL 6194294, at *1 (E.D.N.Y. Nov. 26, 2013) (Brodie, J.) (quoting *Twombly*, 550 U.S. at 555). "Legal conclusions or threadbare recitals of the elements of a cause of action, supported by conclusory statements, should not be credited." *Duffy v. Int'l Union of Operating Eng'rs Local 14-14B*, 795 F. Supp. 2d 246, 253 (E.D.N.Y. 2011) (citing *Iqbal*, 556 U.S. at 678). As a result, where the pleadings only permit a court to infer the "mere possibility of misconduct, the complaint has alleged - - but it has not 'show[n]' - - 'that the pleader is entitled to relief.'" Id. (quoting Fed. R. Civ. P. 8(a)(2)) (alterations in original).

Indeed, in analyzing whether a pleading satisfies Rule 8, "at the outset of a case, Rule 12(b)(6) serves as a type of gatekeeper, preventing claims that fail to satisfy Rule 8's requisites from proceeding onward through the labyrinthine terrain of a case's progression to resolution." *Hughes v. Ester C Co.*, 930 F. Supp. 2d 439, 455 (E.D.N.Y. 2013). Again, to survive a motion to dismiss under Rule 12(b)(6), the pleading "must include 'enough facts to state a claim that is plausible on its face.'" *In re Frito-Lay N. Am., Inc. All Nat. Litig.*, 2013 WL 4647512, at *3 (E.D.N.Y. Aug. 29, 2013) (quoting *Twombly*, 550 U.S. at 570). And when deciding a motion to dismiss, while well-pled claims are ordinarily taken as true, allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679.

### B. Substantive

The principle purpose of the FLSA is "to protect all covered workers from substandard wages and oppressive working hours." *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 739, 101 S. Ct. 1437, 67 L. Ed. 2d 641 (1981). The regular, minimum rates at which employees must be paid are established by section 206 of the FLSA; and section 207 establishes overtime premiums. The FLSA sets forth a broad civil enforcement scheme, pursuant to which "[a]ny employer who violates the provisions of section 206 or section 207 ... shall be liable to the employee [*16] or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." FLSA § 216(b).

"[T]he text of FLSA requires only payment of minimum wages and overtime wages." *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 116 (2d Cir. 2013) (citing 29 U.S.C. §§ 201-19)). The FLSA minimum wage provision does not entitle an employee to bonus and benefits, for example. See SAC ¶1.

Accordingly, this Circuit has held that, "[s]o long as an employee is being paid the minimum wage or more, FLSA does not provide recourse for unpaid hours below the 40-hour threshold, even if the employee also works overtime hours the same week." Id. The same standards govern FLSA and NYLL minimum wage and overtime claims. Id. at 118; *Copper v. Cavalry Staffing, LLC*, 132 F. Supp. 3d 460, 465 n.2 (E.D.N.Y. 2015) ("Overtime claims under the FLSA and NYLL are subject to the same standards.") (citing *Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 89 n.5 (2d Cir. 2013)).

## ARGUMENT

### A. PLAINTIFF'S COMPLAINT IS GENERALLY DEFICIENT

#### i. *Jurisdictional Issues*

In addition to pleading federal question jurisdiction under 28 U.S.C. § 1331 based on the FLSA minimum wage claim, Plaintiff alleges that diversity jurisdiction also is satisfied under 28 U.S.C. § 1332. See SAC ¶8. However, it is unclear if all of the instant parties are citizens of different states.

The principal federal statute governing diversity jurisdiction, 28 U.S.C. § 1332, gives federal district courts original jurisdiction of all civil actions "between . . . citizens of different States" where the amount in controversy [****17] exceeds $75,000. § 1332(a)(1). Since *Strawbridge* v. *Curtiss,* 7 U.S. 267, 3 Cranch 267, 2 L. Ed. 435 (1806), the Supreme Court has read the statutory formulation "between . . . citizens of different States" to require complete diversity between all Plaintiffs and all Defendants. *Caterpillar Inc.* v. *Lewis,* 519 U.S. 61, 68, 117 S. Ct. 467, 136 L. Ed. 2d 437 (1996).

The SAC alleges that Plaintiff was domiciled in New York, making her a New York citizen for diversity purposes. See SAC ¶8; see also *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000). At least one Defendant, Prudent Revere Capital Group, Inc., appears to be a citizen of New York as well, given the address listed on the pay stubs found at 'Attachment C' to the SAC[1]. As such, there is not complete diversity, and thus no diversity [**4] jurisdiction exists over this matter  It is well established that Plaintiff bears the burden of proof on this issue, and she has not met it. See *Herrick Co. v. SCS Communs., Inc.*, 251 F.3d 315, 322-23 (2d Cir. 2001) ("[T]he party seeking to invoke jurisdiction under 28 U.S.C. § 1332 bears the burden of

---

[1] Attachment A to the SAC indicates that Plaintiff would be working for Defendant Robert J. Shiver, LLC only, but the alleged pay stubs found at Attachment C to the SAC appear to have been issued by Defendant Prudent Revere Capital, Inc.

6

demonstrating that the grounds for diversity exist and that diversity is complete." (internal quotation marks and citation omitted)).

### ii. Lack of Pleaded Hours and Pay

Plaintiff's Complaint does not contain a single statement about or of the number of hours Plaintiff allegedly worked in any particular workweek during her alleged tenure in one or more of the Defendants' employ. The FLSA applies on a workweek basis. See 29 C.F.R. §§ 778.103-104. Although the SAC's 'Attachment B' shows hours allegedly worked by Plaintiff, it does not contain any information about what days were worked; nor the start and end times of the work shifts. Further, it combines several weeks and aggregates the alleged hours, thereby rendering it useless in terms of indicating the hours worked in any particular week. The SAC also aggregates more than one week together in alleging hours worked. See SAC ¶¶40-42. Without such basic information, the Court cannot determine an alleged employer's compliance with the FLSA substantive protections.

Here, Plaintiff delineates the beginning and end dates of her alleged tenure in one or more of the Defendants' employ, but doesn't state her work schedule or hours in any workweek, or at all. See SAC ¶¶9, 16, 19. Such lack of specificity renders Plaintiff's pleading speculative at best, but not plausible. Similarly, the Complaint does not indicate the amount of wages Plaintiff received in any workweek. Plaintiff alleges that she was paid a total of $19,230.75 in 2020, but does not indicate the dates or hours for which that payment was made, nor exactly when said payment was made. Id. at ¶19.

Plaintiff's FLSA pleading also contains no alleged factual details on the 'willfulness' of any alleged violation. On this point, the SAC merely states "Upon information and belief, Defendants' failure to pay minimum wages and failure to pay wages promptly was done

7

knowingly." SAC ¶43. Plaintiff doesn't bother to explain in any way how Defendants allegedly knowingly violated the law. Plaintiff's allegations are wholly conclusory and lack any factual detail.

In other words, Plaintiff fails to set forth basic facts upon which one could conclude that minimum wage or other wage obligations were satisfied in any particular workweek in the statutory period. There is no way for the Court to determine whether federal minimum wage obligations have been satisfied from the pleading. This renders Plaintiff's pleading speculative and insufficient under the controlling FLSA case law, as indicated above. Plaintiff has essentially pleaded an alleged breach of contract and attempts to cloak the same in the form of federal and state statutory wage claims. This Court should not countenance such a thing.

### iii. No FLSA Employment

Only employers are subject to the FLSA's strictures. In a FLSA case, it is the employee's burden to prove that he performed work for which he was not properly compensated." *McGlone v. Contract Callers, Inc.*, 49 F. Supp. 3d 364, 370 (S.D.N.Y. 2014) (citation omitted). That starts with a clear, concise pleading which contains sufficient alleged factual allegations to make the claims plausible as opposed to speculative. Plaintiff has failed woefully at that task.

Plaintiff's pleading does not allege that one or more of the Defendants are employers under the FLSA in relation to Plaintiff, except in the most conclusory fashion possible. For example, the SAC says "Ayres began to work for Shiver LLC as its Chief Operating Officer ("COO") on February 1, 2019." SAC ¶9. Additionally, the SAC states "At all relevant times, Robert J. Shiver was Ayres' employer." Id. ¶28. This is completely insufficient under the controlling case law. Under the FLSA, "employer" is defined as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). The

Court of Appeals treats the term "employer" for FLSA purposes as a "flexible concept to be determined on a case-by-case basis by review of the totality of the circumstances." *Barfield v. New York City Health & Hosps. Corp.*, 537 F.3d 132, 141-42 (2d Cir. 2008).

Here, Plaintiff does not pleaded that any Defendant set Plaintiff's alleged work schedule, pay rate, work location or reviewed Plaintiff's performance. Nor does the SAC say anything about any Defendant's alleged power to hire or fire employees, including Plaintiff. It is also silent on the extent to which, if any, that any of the Defendants controlled Plaintiff's performance, such that an FLSA employment relationship could be inferred.

### iv. *No FLSA Coverage*

An employer is subject to the FLSA if their employee individually was "engaged in commerce" or if the employer was an "entity engaged in commerce." 29 U.S.C. § 206. "Individual employees are engaged in commerce 'when they are performing work involving or related to the movement of persons or things (whether tangibles or intangibles, and including information and intelligence)' between states." *Jacobs v. N.Y. Foundling Hosp.*, 483 F. Supp. 2d 251, 257 (E.D.N.Y. 2007) (citing 29 C.F.R. § 779.103). To be engaged in commerce, "a substantial part of the employee's work must be related to interstate commerce;" where an employee's interstate activities are not regular or recurring, courts do not consider the employee covered under the FLSA. *Bowrin v. Catholic Guardian Soc'y*, 417 F. Supp. 2d 449, 466 (S.D.N.Y. 2006) (citing *Divins v. Hazeltine Elec. Corp.*, 163 F.2d 100, 103 (2d Cir. 1947); *Walling v. Jacksonville Paper Co.*, 317 U.S. 564, 63 S. Ct. 332, 87 L. Ed. 460 (1943)). "As a basic rule, 'if [the plaintiff] did not have any contact with out-of-state customers or businesses, **[*7]** he cannot be individually covered under the FLSA.'" *Payamps v. M & M Convenience Deli & Grocery Corp.*, No. 16-CV-4895 (LDH)(SJB), 2018 U.S. Dist. LEXIS

85043, at *15 (E.D.N.Y. May 18, 2018) (citing *Li v. Cheng*, No. 10-CV-4664, 2012 U.S. Dist. LEXIS 40151, 2012 WL 1004852, at *4 (E.D.N.Y. Mar. 23, 2012)).

Here, the SAC contains no allegations that Plaintiff's alleged work involved or related to the movement of persons or things between states. Nor does it state, for instance, whether Plaintiff's duties regularly required her to interact with suppliers from other states, or if she had other duties beyond these primary roles that involved interstate commerce.

For example, Plaintiff asserts that "The Defendants performed work in New York, New Jersey, Florida, and several other states." and "The work performed by the companies had an impact on interstate commerce". SAC ¶¶32-33. These statements are conclusory. These threadbare assertions are not supported by any factual allegations. We don't know how much alleged work was performed in which states. Nor is there any information about whether Plaintiff worked on transactions and/or with persons or entities in other states, or traveled to them in fulfillment of her official duties. Nothing in the SAC states whether Plaintiff's job involved handling good that had moved in interstate commerce; or using the wires and the mails. Plaintiff has therefore failed to allege individual coverage under the FLSA.

In terms of enterprise coverage, an "enterprise" is defined under the FLSA as "the related activities performed . . . by any person or persons for a common business purpose." 29 U.S.C. § 203(r)(1). An enterprise is "engaged in commerce" where it "(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on **[*8]** goods or materials that have been moved in or produced for commerce by any person" and "(ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000." 29 U.S.C. § 203(s)(1)(A).

Where a complaint contains sufficient facts to support an inference of enterprise coverage under the statute, even if those facts are not conclusive evidence of that coverage, some district courts in this circuit have found the pleadings sufficient to support a finding of liability under the statute. See, e.g., *Shim v. Millennium Grp.*, No. 08-CV-4022(FB)(VVP), 2009 U.S. Dist. LEXIS 6014, 2009 WL 211367, at *3 (E.D.N.Y. Jan. 28, 2009) (finding identification of defendant as medical facility is sufficient to infer enterprise coverage as "it is simply inconceivable that none of the medical, custodial or office supplies used at the Center originated outside of New York"); *Gomez v. El Rancho de Andres Carne de Tres Inc.*, No. 12-CV-1264, 2014 U.S. Dist. LEXIS 45580, 2014 WL 1310296, at *3 (E.D.N.Y. Mar. 11, 2014) (inferring that defendants engaged in interstate commerce where the plaintiff alleged "that the defendants operated a restaurant, Andres Carne, which served Columbian [sic] cuisine"), report and recommendation adopted, 2014 U.S. Dist. LEXIS 43988, 2014 WL 1310299 (Mar. 31, 2014); *Cardoza v. Mango King Farmers Mkt. Corp.*, No. 14-CV-3314, 2015 U.S. Dist. LEXIS 126019, 2015 WL 5561033, at *3 (E.D.N.Y. Sept. 1, 2015), (finding that "[i]t is logical to infer that a supermarket's products and produce would have originated outside [*9] of New York[,]" coupled with general allegations that defendant was "engage[d] in interstate commerce, produce[d] goods for interstate commerce, and/or handle[d], [sold], or otherwise work[ed] on goods or materials that have been moved in or produced for such commerce by any person"), report and recommendation adopted, 2015 U.S. Dist. LEXIS 125776, 2015 WL 5561180 (Sept. 21, 2015).

Plaintiff fails to meet even this permissive standard here. The SAC doesn't allege that any individual Defendant, or them jointly, constitutes an FLSA enterprise with more than $500,000.00 in annual revenue. Nor has Plaintiff pleaded that any Defendant was Plaintiff's employer under the FLSA, or that Plaintiff was an FLSA employee. Plaintiff only states, in

conclusory fashion, that "At all relevant times, Robert J. Shiver was Ayres' employer.", "Shiver controlled when and how employees were paid" and "Shiver controlled the books and banking accounts of Shiver LLC and Prudent". See SAC ¶¶28-30. This Court must take as true Plaintiff's well pleaded factual allegations on this motion, not Plaintiff's conclusions. The SAC's allegations are precisely the kind of formulaic and conclusory statements that the Supreme Court has said do not suffice to state a claim for relief.

The Complaint contains no factual allegations from which this Court could infer that any Defendant is an enterprise within the meaning of the statute. Plaintiff refers to the two corporate Defendants only in the vaguest terms as "corporations". The Complaint also does not allege, even in a conclusory manner, whether any Defendants' annual gross volume of business is at least $500,000. Nor the extent to which any Defendant conducts interstate business. Plaintiff has thus failed to allege coverage under the FLSA. Accordingly, because Plaintiff has not pleaded facts to show either individual or enterprise coverage under the FLSA, Plaintiff's FLSA claim must be dismissed.

**B. THE COMPLAINT FAILS TO STATE A CLAIM FOR MINIMUM WAGE UNDER THE FLSA AND NYLL**

As an initial matter, the FLSA is concerned with low wage workers. After all, the Supreme Court has stated that "The principle purpose of the FLSA is "to protect all covered workers from substandard wages and oppressive working hours." *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 739, 101 S. Ct. 1437, 67 L. Ed. 2d 641 (1981).

Here, Plaintiff pleaded that she allegedly agreed with one or more Defendants to receive a salary of $350,000.00 per year for her work. See SAC ¶¶10-16. An executive who makes that amount of money does not implicate the FLSA and its low wage worker policies. Making $350,000.00 per year does not implicate a statute aimed at protecting against substandard wages.

One reason we know this is that the FLSA says so itself:

> (a) The Congress finds that the existence, in industries engaged in commerce or in the production of goods for commerce, of labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers (1) causes commerce and the channels and instrumentalities of commerce to be used to spread and perpetuate such labor conditions among the workers of the several States; (2) burdens commerce and the free flow of goods in commerce; (3) constitutes an unfair method of competition in commerce; (4) leads to labor disputes burdening and obstructing commerce and the free flow of goods in commerce; and (5) interferes with the orderly and fair marketing of goods in commerce. That Congress further finds that the employment of persons in domestic service in households affects commerce.
>
> (b) It is declared to be the policy of this chapter, through the exercise by Congress of its power to regulate commerce among the several States and with foreign nations, to correct and as rapidly as practicable to eliminate the conditions above referred to in such industries without substantially curtailing employment or earning power.

29 U.S.C. § 202.

In fact, highly compensated workers are categorically excluded from the FLSA's protections. The FLSA provides numerous exemptions to its time-and-a-half overtime requirement, including the highly compensated employee ("HCE") exemption. 29 C.F.R. § 541.601. "The application of an exemption to the FLSA is an affirmative defense… may be raised in a pre-answer Rule 12(b)(6) motion if the defense appears on the face of the complaint…". *Chen v. Major League Baseball Properties, Inc.*, 798 F.3d 72, 81 (2d Cir. 2015). Here, because Plaintiff's pleading states that the subject position was Chief Operating Officer and was to be paid $350,000.00 per year, see SAC¶¶9-12, this exemption defense is presented "on the face of the complaint".

To satisfy the HCE exemption, an employee must: (1) have a total annual compensation of at least $ 100,000, (2) customarily and regularly perform any one or more of the exempt duties or responsibilities of an executive, administrative or professional **[*32]** employee, and (3) have their primary duty include performing office or non-manual work. 29 C.F.R. § 541.601 (a), (d).

13

"A high level of compensation is a strong indicator of an employee's exempt status, thus eliminating the need for a detailed analysis of the employee's job duties." Id. at § 541.601(c).

As one Court has noted, "the very structure and express language of C.F.R. § 541.601 indicate that [the] purpose [of the HCE exemption] was to relax the duties requirement in order to exempt employees from the time-and-a-half requirement because they earn over $100,000 annually." *Anani*, 730 F.3d at 150. Because Plaintiff failed to plead her alleged job duties in the SAC, it is difficult to determine if this exemption was applicable to her alleged employment by Defendants.

Additionally, Plaintiff's Complaint does not plausibly allege that her effective wage rate ever fell below $7.25 per hour (the FLSA minimum wage at all relevant times) under the longstanding *Klinghoffer* rule. *United States v. Klinghoffer Bros. Realty Corp.*, 285 F.2d 487, 490 (2d Cir. 1960) (provided "the total wage paid . . . during any given week . . . divided by the total time . . . worked that week" exceeded the applicable minimum wage, requirements of 206(a) were met); see also *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106, 116 (2d Cir. 2013) (reaffirming *Klinghoffer* and stating that, "so long as an employee is being paid the minimum wage or more, FLSA does not provide recourse for unpaid hours below the 40-hour threshold, even if the employee also works overtime hours the same week").

Indeed, nowhere in her Complaint does Plaintiff allege her total compensation in any workweek, her total hours worked in any workweek, or her alleged hourly rates of pay. In other words, she fails to set forth necessary factual detail to support the inference of the additional working hours necessary for [her] effective hourly wage to drop below the minimum wage. That deficiency requires dismissal of Plaintiff's FLSA and NYLL minimum wage claims.

Plaintiff fails to provide any specifics regarding – or even a clear narrative of – her alleged time spent working and compensation paid during her tenure. Numerous New York courts have required that a FLSA pleading contain facts necessary to this calculation – facts notably absent from Plaintiff's Complaint. See *Hart v. Crab Addison, Inc.*, 2014 U.S. Dist. LEXIS 85916 (W.D.N.Y. June 24, 2014) (allegation that Plaintiff worked a "shift" subject to inappropriate tip credit insufficient to state a claim of violation of the minimum wage on a "workweek" basis); *Bustillos v. Acad. Bus, LLC*, 2014 U.S. Dist. LEXIS 3980 (S.D.N.Y. Jan. 13, 2014) (rejecting minimum wage claim because pleading contained "no indication that . . . [plaintiff's] effective hourly wage fell below the minimum wage); see also *Bojaj v. Moro Food Corp.*, No. 13 Civ. 9202, 2014 U.S. Dist. LEXIS 159974, at *3,6 (S.D.N.Y. Nov. 13, 2014) (minimum wage claim dismissed where complaint provided no statement of plaintiffs' alleged wages and hours); *Johnson v. Equinox Holdings, Inc.*, No. 13 Civ. 6313, 2014 U.S. Dist. LEXIS 91786, at *12 (S.D.N.Y. July 2, 2014) (dismissal where conclusory and unsupported minimum wage allegations were insufficient to raise "more than a mere possibility of a right to relief").

## C. JURISDICTION OVER PLAINTIFF'S REMAINING STATE LAW CLAIMS

"Certainly, if the federal claims are dismissed before trial . . . the state claims should be dismissed as well." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). Indeed, "[b]oth the Second Circuit and the Supreme Court have held that, as a general rule, when the federal claims are dismissed the 'state claims should be dismissed as well.'" *Cromwell v. New York City Health & Hosp. Corp.*, 2013 WL 2099252, at *4 (S.D.N.Y. May 15, 2013) (quoting *In re Merrill Lynch Ltd. P'ships Litig.*, 154 F.3d 56, 61 (2d Cir. 1998)); *Ehrbar v. Forest Hills Hosp.*, 131 F. Supp. 3d 5, 37 (E.D.N.Y. 2015) (Brodie, J.) ("'[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the

pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims.'") (quoting *Pension Ben. Guar. Corp. v. Morgan Stanley Inc. Mgmt. Inc.*, 712 F.3d 705, 727 (2d Cir. 2013)) (alterations in original).

Indeed, "[t]he district court may decline to exercise supplemental jurisdiction over a claim . . . [if] the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); see *Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 307 (2d Cir. 2003) (holding that "there were judicial economies to be achieved by declining to exercise supplemental jurisdiction" over remaining state claims after it became clear that plaintiffs lacked any viable federal claims); *Seabrook v. Jacobson*, 153 F.3d 70, 72 (2d Cir. 1998) (noting that it is particularly appropriate for the district court to dismiss where "the federal claim on which the state claim hangs has been dismissed").

As described above, the Court should dismiss Plaintiff's federal minimum wage claim. The Court should also dismiss Plaintiff's NYLL minimum wage claim. After those dismissals, Plaintiff's remaining claims would be limited to her breach of contract and NYLL pay stub claims. Because there are no circumstances weighing in favor of exercising supplemental jurisdiction over Plaintiff's remaining state law claims, the Court should dismiss them without prejudice to filing anew in state court.

## **CONCLUSION**

Plaintiff's factual allegations regarding her FLSA minimum wage claim fail to support a claim that Defendants were covered by or violated the FLSA. Plaintiff asserts nothing more than conclusory statements (many of which are simply restatements of law, rather than factual allegations) to support her FLSA claim and thus fails to properly state a claim. Therefore,

16

Plaintiff's FLSA claim should be dismissed with prejudice, the balance of her claims dismissed without prejudice, and this case should be closed.

Dated: Brooklyn, New York

November 9, 2021

_____/s/_____
LAW OFFICE OF DAVID WIMS
David C. Wims, Esq. (DW-6964)
*Attorneys for Defendants*
1430 Pitkin Ave., 2nd Floor
Brooklyn, NY 11233
(646) 393-9550