UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

Johnna L. Ayres,

                Plaintiff,

– against –

Robert J. Shiver, Robert J. Shiver LLC,
and Prudent Revere Capital Group, Inc.,

                Defendants.

---

**NOT FOR PUBLICATION**

**MEMORANDUM & ORDER**

21-cv-473 (ERK) (PK)

KORMAN, *J*.:

    Plaintiff Johnna L. Ayres brings claims under the Fair Labor Standards Act (FLSA), New York Labor Law (NYLL), and New York common law against defendants Robert J. Shiver ("Shiver"), Robert J. Shiver LLC ("RJS LLC"), and Prudent Revere Capital Group, Inc. ("Prudent Revere Capital"). Plaintiff's complaint alleges that she worked as RJS LLC's and Prudent Revere Capital's Chief Operating Officer ("COO") and Corporate Secretary from February 2019 through September 2020 but never received the wages she was entitled to under her contract or federal and state minimum wage laws. The defendants now move to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

## BACKGROUND

    On June 5, 2019, Robert Shiver, acting in his capacity as Chairman of RJS LLC and an entity named "Prudent Revere Limited," offered Ayres the position of

1

COO of RJS LLC.[1] According to Ayres's complaint, Prudent Revere Capital is the only member of RJS LLC. Shiver's offer stated that the COO position would pay $350,000 annually plus a bonus between 80% and 125% of her salary. The offer was retroactive to February 1, 2019.

As Ayres tells it, she accepted Shiver's offer and worked as COO and Corporate Secretary for RJS LLC and Prudent Revere Capital from February 1, 2019, through September 15, 2020. She spent most of her time working in this position in Brooklyn, New York. Although she worked approximately 2300 hours for the defendants, she received only $19,230.75 in wages, all of which were paid between May and July of 2020. The defendants also did not pay Ayres any bonus.

Ayres initially brought FLSA and NYLL claims for "non-payment of wages" and to recover minimum wages, but her complaint was dismissed. *See Ayres v. Shiver*, No. 21-CV-473, 2021 WL 3472655 (E.D.N.Y. Aug. 6, 2021). The FLSA and NYLL, the decision explained, did not recognize claims for "non-payment of wages," and Ayres did not plead her minimum wage claims in sufficient detail. *See id.* at *1–3. With the permission of the court, Ayres subsequently filed the instant, amended complaint, providing more details of her alleged work for the defendants and pleading four claims: (1) failure to pay minimum wages under the FLSA, *see* 29

---

[1] The factual account presented here is drawn from the allegations in Ayres's Second Amended Complaint and the documents attached thereto. *See* ECF No. 24.

U.S.C. §§ 206, 215, 216, (2) failure to pay minimum wages under the NYLL, *see* N.Y. Lab. Law §§ 652, 663, (3) breach of contract under New York common law, and (4) failure to provide Ayres with an earning statement that complied with the NYLL, *see* N.Y. Lab. Law §§ 195(3), 198(1-d). The defendants now move to dismiss.

## **JURISDICTION**

Contrary to the defendants' arguments, Ayres's complaint provides two independent bases for jurisdiction over this case. First, Ayres's FLSA claim establishes jurisdiction under the federal question statute codified at 28 U.S.C. § 1331. And because Ayres's state law claims "form part of the same case or controversy" as the FLSA claims, the court has supplemental jurisdiction over those claims. *Id.* § 1367(a).

Second, the court has jurisdiction over Ayres's case pursuant to the diversity statute codified at 28 U.S.C. § 1332(a)(1), which grants jurisdiction over "civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different States." The amount in controversy in this suit plainly exceeds $75,000. Ayres seeks to recover not only the minimum wages she claims she was denied but also the full value of the $350,000 annual salary and 80-125% bonus promised in the offer letter.

This suit is also "between citizens of different States." *Id.* The Supreme Court has interpreted that language to require "complete diversity of citizenship," that is, no plaintiff may share state citizenship with *any* defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806)). "For purposes of diversity jurisdiction, a[n individual's] citizenship depends on his domicile." *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998). "[A] limited liability company . . . takes the citizenship of each of its members." *Bayerische Landesbank v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012). And "a corporation [is] deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Ayres pleaded New York as her domicile and New Jersey as Shiver's. She also alleges that Prudent Revere Capital is a Delaware corporation with its principal place of business in New Jersey and that RJS LLC's only member is Prudent Revere Capital. Thus, the complaint pleads a case with complete diversity, with a New York citizen adverse to a New Jersey citizen and two New Jersey and Delaware citizens.

The defendants do not contest any of Ayres's relevant jurisdictional allegations. Rather, they observe that the earnings statements Ayres attached to her complaint display only a New York address for Prudent Revere Capital. For that reason, the defendants argue, Prudent Revere Capital "appears to be a citizen of New

4

York," ECF No. 36 at 6, and Ayres has thus failed to "bear[] the burden of demonstrating that the grounds for diversity exist and that diversity is complete," *Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322–23 (2d Cir. 2001). Not so. The defendants' observation that Prudent Revere Capital maintains an address (and perhaps a payroll department) in New York does not negate Ayres's allegation that the corporation is incorporated in Delaware and has its principal place of business in New Jersey. *See Hertz Corp. v. Friend*, 559 U.S. 77, 81–82, 92–93, 97 (2010). And the mere fact that Prudent Revere Capital does business in New York and maintains a presence there does not render it a New York citizen. *See id.*

## DISCUSSION

I.  *Standard of Review*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted). "The court accepts all well-pleaded allegations in the complaint as true, drawing all reasonable inferences in the plaintiff's favor." *Operating Local 649 Annuity Tr. Fund v. Smith Barney Fund Mgmt. LLC*, 595 F.3d 86, 91 (2d Cir. 2010). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

## II. *Failure to Pay Minimum Wages Under the FLSA*

The FLSA provides that "[e]very employer shall pay to each of his employees" a minimum wage of $7.25 an hour "in any workweek" in which the employee is either: (a) "engaged in [interstate] commerce or in the production of goods for [interstate] commerce" or (b) "employed in an enterprise" that grosses at least $500,000 annually and is "engaged in [interstate] commerce or in the production of goods for [interstate] commerce." 29 U.S.C § 206(a)(1); *see id.* § 203(b), (s)(1)(A). The defendants argue that Ayres had failed to adequately plead that: (1) the defendants were her employer, (2) Ayres performed work for the defendants for which she did not timely receive minimum wages, and (3) Ayres's work for the defendants was of a sufficiently interstate character to be covered by the FLSA.[2]

The defendants' contention that they were not Ayres's employer is frivolous. Her complaint alleges that she was the COO of both RJS LLC and Prudent Revere Capital and that Shiver was Chairman and CEO of both those entities. She also attached to her complaint earnings statements from Prudent Revere Capital and an

---

[2] The defendants also argue that Ayres failed to plead that the defendants violated the FLSA "willfully." But the FLSA does not impose a willfulness requirement for violations of its minimum wage provisions unless a plaintiff files suit to recover under those provisions more than two years after the alleged violation. *See* 29 U.S.C. § 255(a); *Salinas v. Starjem Rest. Corp.*, 123 F. Supp. 3d 442, 477 (S.D.N.Y. 2015).

offer of employment from RJS LLC, signed by Shiver in his capacity as its Chairman. The defendants thus fall within the broad definition the FLSA provides for an "employer"—"any person acting directly or indirectly in the interest of an employer in relation to an employee." *Id.* § 203(d); *see also id.* § 203(a); *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 728–29 (1947).

Ayres also adequately pleaded that she performed work for the defendants for which she did not timely receive minimum wages. Under the FLSA, the "average hourly wage" an employee receives "during any given week" must "exceed" the minimum wage prescribed by statute. *United States v. Klinghoffer Bros. Realty Corp.*, 285 F.2d 487, 490 (2d Cir. 1960). Thus, to survive a motion to dismiss "a plaintiff alleging a federal minimum wage violation must provide sufficient factual context to raise a plausible inference there was at least one workweek in which he or she was underpaid." *Hirst v. Skywest, Inc.*, 910 F.3d 961, 966 (7th Cir. 2018).

Here, Ayres "allege[s] sufficient factual matter to state a plausible claim" that there were many weeks during which she worked for the defendants and her "average hourly wage f[ell] below the federal minimum wage." *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 114–15 (2d Cir. 2013). Ayres alleges that she worked for the defendants from February 2019 through September 2020 but received no compensation other than during a two-month period between May and July of 2020. In support of these allegations, Ayres submitted a copy of a June 5,

7

2019, offer of employment on RJS LLC letterhead and signed by Shiver, which stated that the offer was retroactive to February 1, 2019. She also submitted an "approximation of her hours" worked each week, and her complaint includes an "approximation of the amount of wages due." *Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 87 (2d Cir. 2013). Moreover, Ayres submitted five earnings statements from Prudent Revere Capital dated between May and July 2020, which, though they indicate that she received minimum wages during that time period, bolster her allegations that she performed uncompensated work for the defendants at other points. Thus, Ayres has provided "sufficient factual context to raise a plausible inference" that she "was underpaid" for a number of "workweek[s]." *Hirst*, 910 F.3d at 966.[3]

Nevertheless, the defendants are correct that Ayres's complaint lacks sufficient allegations regarding the interstate character of her employment. Nowhere in the complaint does Ayres describe the nature of her work for the defendants or the nature of the defendants' business. The only allegations relevant to the FLSA's interstate nexus requirement are that "[t]he Defendants performed work in New York, New Jersey, Florida, and several other states" and "[t]he work performed by

---

[3] This contrasts with Ayres's earlier, dismissed complaint, which did not attach the earnings statements from Prudent Revere Capital or an approximation of her hours worked. *See* ECF No. 7.

8

the companies had an impact on interstate commerce." Second Amended Complaint ¶¶ 32-33, ECF No. 24 at 4. These are "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, [which] do not suffice" to withstand a motion to dismiss. *Iqbal*, 556 U.S. at 678.[4]

Ayres argues that she should be permitted to take discovery related to the interstate character of her work before her FLSA claim is dismissed. Yet there is no reason that Ayres should require discovery to enable her to describe the interstate character of *her own* work or the work of companies for which she claims to have served as COO. In other words, while she might require discovery to obtain *proof* of the interstate character of her or the defendants' work, that does not excuse her from providing plausible *allegations* regarding those matters. The defendants' motion to dismiss Ayres FLSA claim is granted.

III. *Failure to Pay Minimum Wages Under the NYLL*

Like the FLSA, the NYLL requires employers to pay employees a minimum hourly wage. As applied to Ayres, who alleges she worked in New York City, that wage was $13.50 an hour from February through December 2019 and $15.00 an

---

[4] Although Ayres's allegations that she worked in New York and that Prudent Revere Capital maintained its principal place of business in New Jersey creates a plausible inference that the business engaged in interstate activity, the complaint still lacks any allegation either that Prudent Revere Capital conducted at least $500,000 worth of business annually or that Ayres herself engaged in interstate commerce. *See* 29 U.S.C §§ 203(b), (s)(1)(A), 206(a)(1).

hour thereafter. N.Y. Lab. Law § 652(1)(a)(ii). For the reasons already discussed, Ayres adequately pleaded that she performed uncompensated work for the defendants. And unlike its federal counterpart, the NYLL minimum wage law has no interstate commerce requirement.

The defendants also argue that the dismissal of the FLSA claim supports dismissal of the NYLL minimum wage claim because courts generally decline to exercise supplemental jurisdiction over state law claims after dismissing all the associated federal claims. That argument incorrectly presumes that this court has jurisdiction over this case based solely on the federal question presented by the FLSA claim. As explained above, however, this court also has diversity jurisdiction over the entirety of Ayres's action, and the dismissal of the FLSA claim does not impact that basis for jurisdiction. The defendants' motion to dismiss Ayres's NYLL minimum wage claim is denied.

### IV. *Breach of Contract and Violation of NYLL § 195(3) Earnings Statement Requirements*

The defendants do not challenge the merits of Ayres's breach of contract or improper earnings statement claims. Rather, they argue only that those claims should be dismissed for the jurisdictional reason just rejected with respect to the NYLL minimum wage claim. The defendants' motion to dismiss Ayres's breach of contract claims and NYLL § 195(3) claim is denied.

## CONCLUSION

The defendants' motion to dismiss for failure to state a claim is granted in part and denied in part. Ayres's FLSA claim is dismissed, but she may proceed with her state law claims.

                                                  **SO ORDERED.**

                                                  *Edward R. Korman*

Brooklyn, New York                                         Edward R. Korman
June 15, 2022                                                United States District Judge